### COMMONWEALTH vs. JOHN J. GORHAM.

The word "conviction," as used in the provision of the Gen. Sts. c. 131, § 13, that the conviction of any crime may be shown to affect the credibility of a witness in any proceeding, civil or criminal, in court or before a person having authority to receive evidence, implies a judgment of court.

INDICTMENT for burning a dwelling-house. At the trial in the superior court, before *Ames,* C. J., the defendant testified in his own behalf; and to affect his credibility as a witness the attorney for the Commonwealth offered in evidence an original indictment for forgery found against him at a previous term of the court, and the record of the clerk, noted on the back thereof, that "the defendant pleads guilty," after which plea that indictment was put on file, but afterwards brought forward, and was entered on the docket and pending at the same time with this indictment for burning. The judge admitted this evidence against the objection of the defendant, who was found guilty and alleged exceptions.

*A. R. Brown & E. A. Alger,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth. 1. The conviction of any crime might be shown to affect the credibility of the witness. Gen. Sts. *c.* 131, § 13. *Commonwealth* v. *Bonner,* 97 Mass. 587. The term "conviction" in the Gen. Sts. sometimes implies a judgment of the court; but at other times does not. Persons may be convicted by confession in open court; by admitting the truth of the charge by plea or demurrer; or by the verdict of a jury accepted and recorded by the court. Gen. Sts. *c.* 158, § 5. Conviction does not mean the judgment passed upon a verdict. There is, in point of law, a difference between the pleas of *autrefois convict* and *autrefois attaint;* the former may be where there has been no judgment· the latter is founded upon a judgment. *United States* v. *Gibert,* 2 Sumner, 40, and authorities cited. *The Queen* v. *Faderman,* Temple & Mew, 286. 4 Bl. Com. 336. See also *Commonwealth* v. *Harris,* 8 Gray, 473. If the jury find a prisoner guilty he is then said to be convicted. 4 Bl. Com. 362. Judgmen

and sentence follow. This distinction is recognized by the common use of legal language. " After conviction and before sentence;" " Proceedings to reverse a conviction, before sentence;" " The prisoner was convicted, and brought up to receive the judgment of the court;" are common expressions in the books. *The King* v. *Waddington*, 1 East, 143, 145. *Rex* v. *Bishop*, 1 Stra. 9. *Rex* v. *Morgan*, 1 Bulst. 84, 88. *Regina* v. *Layton*, 1 Salk. 106. 1 Bishop Crim. Proc. §§ 698–700. *The King* v. *Teal*, 11 East, 307. In Massachusetts it has been adjudged in reference to a former statute, that the legislature intended to distinguish between a conviction and a judgment. *Commonwealth* v. *Richards*, 17 Pick. 295. This view is supported by *Green* v. *Commonwealth*, 12 Allen, 172; *Commonwealth* v. *Weymouth*, 2 Allen, 144. The doctrine of the common law was, that conviction of an infamous crime, followed by judgment, rendered a witness incompetent. The proof could only be made by production of the record. 1 Greenl. Ev. § 372. *Cushman* v. *Loker*, 2 Mass. 108. But now a witness is not thereby rendered incompetent; though his conviction may be shown to affect his credibility. That is to say, the technical rule is done away with; but evidence of moral guilt may be introduced, to show the true character of the witness, morally. And for the purpose of aiding the judgment of a jury it is proper that a conviction for crime should be shown, whether judgment has followed thereon or not. It is now the policy of the law to impose few restrictions on the competency of witnesses, but to allow full and free proof of all matters affecting their credibility.

2. The mode of proof was proper. 1 Greenl. Ev. § 502. The clerk's minutes were sufficient, until the full record was extended. 1 Greenl. Ev. § 513. *Pruden* v. *Alden*, 23 Pick. 184. *Waters* v. *Gilbert*, 2 Cush. 31. *Read* v. *Sutton*, Ib. 115. *Tillotson* v. *Warner*, 3 Gray, 577.

Colt, J. The defendant in this case offered himself as a witness, and the rules of evidence affecting the competency or credibility of witnesses were all applicable to him in that character. *Commonwealth* v. *Bonner* 97 Mass. 587.

It was the rule of the common law that the production of the

complete record, including the conviction, technically so called, and the final judgment thereon, was necessary in order to show that a witness offered was incompetent on account of infamy. This rule is founded on the reason that it is always within the power of the court, on motion in arrest or for a new trial, to set aside a verdict illegally or improperly rendered, at any time before judgment ; and the prosecution may in the end result in the defendant's acquittal.

Under the Gen. Sts. *c.* 131, § 13, no person can now be excluded by reason of crime from giving evidence as a witness, but the conviction of any crime may be shown to affect the credibility of the witness. The term " conviction " is used in at least two different senses in our statutes. In its most common use it signifies the finding of the jury that the prisoner is guilty; but it is very frequently used as implying a judgment and sentence of the court upon a verdict or confession of guilt. Gen. Sts. *c.* 160, § 8 ; *c.* 173, § 1. In *c.* 174, the several sections relating to judgment and execution in criminal cases plainly describe the situation of the prisoner when nothing remains but the sentence. And in the several chapters which define and punish offences against persons, property, public morality and health, the words " conviction " and " convicted " describe the same condition of the offender. We think the obvious purpose of the legislature was to restore the competency of a witness against whom the record of a judgment for crime was produced, bnt to permit the same evidence to be used as affecting his credibility, (in all cases requiring the same complete record of the whole case,) and that the word " conviction " is here used in the broader and less technical sense, and implies the judgment of the court. It could not have been the purpose of the lawmakers to permit evidence of moral guilt, as distinguished from guilt legally established, to be produced against the witness. If this were so, then the finding of an indictment by the grand jury, which was afterwards quashed, or upon which a *nolle prosequi* was entered, might with equal propriety be permitted to be shown.                                   *Exceptions sustained.*