People of the State of Illinois, Plaintiff-Appellee, v. Clarence Hopkins, Defendant-Appellant.

Gen. No. 50,922.

First District, Third Division.

October 27, 1966.

Harry S. Wolin and F. Dennis France, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. Roger Horsky, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Clarence Hopkins, was indicted for the possession of narcotics, waived a jury trial, was found guilty and was sentenced to a term of four to eight years in the penitentiary. He complains that he was denied a full and impartial hearing and contends that his guilt was not proved beyond a reasonable doubt.

The manager of John's Bargain Store, 866 East 63rd Street, Chicago, saw the defendant walk out of the store with three boys' jackets under his arm. The manager, his assistant and a passerby caught the defendant, and a policeman from a passing squad car placed him under arrest. He was brought back to the store and searched by the officer in the presence of the manager. A tinfoil packet containing white powder was found in his shirt pocket. A test of the powder made at the police station indicated, and a subsequent laboratory analysis established, that it was heroin.

At his trial on the narcotics charge, the defendant admitted stealing the jackets but denied possessing narcotics. He said the store manager was not present when he was searched, that the shirt he was wearing at the time did not have a pocket, that the arresting officer did not take a foil packet from him and did not mention anything about narcotics. He testified that when he was taken to court for the theft he was not informed that he was charged with the possession of narcotics—that the narcotics charge was not placed against him until his second appearance in court.

■ It is the latter circumstance which has occasioned the defendant's complaint that he was denied a full hearing. During his direct examination he was asked how long it was after his arrest that he was brought to court on the narcotics charge. An objection to the materiality of the question was sustained. His attorney argued that

the question was material because he wanted to bring out that nothing was said to the defendant about a narcotics offense until a long time after his arrest. The purpose of the question was to cast doubt on the truth of the narcotics charge by facts suggesting that it was an afterthought on the part of the arresting officer. The question was material to the defense and the objection should have been overruled. However, the defendant was not harmed by the ruling because, later in his testimony, he supplied the information which the earlier question sought to elicit: he said that the charge of possessing narcotics was not preferred against him until September 11, 1963, which was eight days after his arrest.

■ A corollary complaint arising from the same ruling by the court is that the defendant was denied an impartial trial. It is the defendant's contention that by sustaining the objection to the foregoing question the judge revealed that his mind was made up as to the defendant's guilt, that he had already accepted the testimony of the State's witnesses and was denying the defendant the opportunity of presenting all the factors pertinent to his defense. There is no justification for this complaint; no such inference can be reasonably drawn from the ruling of the court.

■ The contention that guilt was not proved beyond a reasonable doubt is predicated upon the delay in filing the complaint, discrepancies in the testimony of the witnesses for the prosecution, and the testimony of the defendant that there was no pocket in the shirt he was wearing on the day of his arrest. No explanation was made at the trial for the delay in charging the defendant with the possession of narcotics, but the explanation offered by the defendant for the delay (that an unfounded charge was fabricated at a later date by the police) is refuted by the evidence and the exhibits offered by the State. It was stipulated that if the chemist who

tested the contents of the packet were called to testify he would relate that he received the packet from the arresting officer on September 3, 1963 (the date of the defendant's arrest) and that he completed his analysis on September 4, 1963. The pertinent exhibits bore these respective dates. It is a reasonable inference that the narcotics charge was not placed against the defendant at the time of his first court appearance, the morning of September 4th, because the officer was waiting for the chemist's report. Upon learning the result, the officer preferred the charge on the date of the defendant's second appearance in court, eight days later.

The alleged contradictions in the testimony of the State's witnesses concern the persons present at the apprehension of the defendant and the clothing worn by him at that time. The defendant sees in these contradictions—which are principally variations differing with his own version of what took place—a reflection on the credibility of the witnesses which should have raised a reasonable doubt in the mind of the trial judge. The differences in the testimony are inconsequential. The defendant admitted stealing from the store, there is no question of his identity, and it matters little whether the assistant manager or the passerby caught and held him, whether his outer garment was called a jacket or a sport coat by the witnesses or whether he was wearing or carrying it.

The defendant testified that his shirt had no pocket. He argues that his testimony was not disputed and that the prosecution should have introduced the shirt in evidence. This argument overlooks the fact that his testimony was disputed by the manager of the store and the arresting officer who stated that his shirt did have a pocket and that the foil packet was taken from that pocket; it also overlooks the fact that the shirt was not in the possession of the State and that the State had no

reason to anticipate his testimony and the issue he raised. The shirt was the defendant's property, was not taken from him when he was arrested and, presumably, was more available to him than the State at the time of the trial—two and a half months after the occurrence.

The trial court heard the defendant and the State's witnesses and determined their credibility and the weight to be given their testimony. No meritorious reason has been shown why we should disturb the court's judgment. The judgment was based on legally sufficient evidence and will be affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.