SPILLER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 62. Argued December 3, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 242.)

For the plaintifff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *Lee Edward Wells,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HALLOWS, C. J. The sufficiency of the evidence to sustain the verdict of guilty is not in question so there need be no detailed recital of the evidence; the issues raised are whether there was a valid waiver of the jury trial, whether the trial court committed error in instructing the jury the date of his arrest was immaterial, and whether his sentence is valid because it was not based upon a judgment of conviction.

*Was there a waiver of the jury trial?*

At his arraignment Spiller stated he waived his right to trial by jury, but the transcript is silent on the reaction of the district attorney and the court. The case was not tried for almost eight months and when it was reached for trial it was tried before a jury. No mention was made of the attempted waiver of the jury by Spiller. Whether everyone forgot about the attempted waiver, whether it was rejected by the district attorney and the court without a note being made

thereof in the record, or whether the transcript is incorrect that Spiller waived the jury, are all possibilities for speculation but immaterial to the disposition of this issue.

Spiller's attempted waiver is governed by sec. 957.01, Stats.,[1] which requires a defendant's waiver to be either in writing or by a statement in open court, entered in the minutes, with the approval of the court and the consent of the state. While the statute does not expressly provide the approval of the court and the consent of the state need be in writing or entered in the minutes, proper trial procedure would so require. It makes no sense to have the defendant offer a waiver and a record made of it and not have the required affirmative act of acceptance and approval of it also be of record. How else is there to be an orderly record of a completed waiver? If the statute provided only that the district attorney and the court could object to a waiver by the defendant, perhaps their silence could be taken as a failure to object, but silence as consent is not a reasonable inference when affirmative acts of consent and approval are required. The right to waive a jury trial in a criminal case is in this state a conditional right, not an absolute right of the accused [2] and silence

---

[1] "957.01 Jury trial; waiver. (1) Except as otherwise provided in this chapter, criminal cases in courts of record shall be tried by a jury of 12, drawn as prescribed in ch. 270, unless the defendant waives a jury trial in writing or by statement in open court, entered in the minutes, with the approval of the court and the consent of the state. . . ."

[2] *See* ABA Project on Minimum Standards for Criminal Justice: *Standards Relating To Trial by Jury*, Part I. When Trial by Jury; Waiver, p. 19, and on p. 28:

"1.2 Waiver of trial by jury.

"(a) Cases required to be tried by jury should be so tried unless jury trial is waived.

"(b) The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by

on the part of the district attorney and the court is not tantamount to their respective consent and approval. Thus there was no waiver of a jury trial.

### *Was the instruction error?*

After the jury retired for deliberation, it sent a request to the court asking the date of Spiller's arrest. Procopio Sandoval, an undercover officer with the Milwaukee police department, testified that early in the morning of June 7, 1964, in the Old Rail Tavern in Milwaukee, Spiller had solicited him for the sale of some "horse" (heroin). They went together to a basement apartment on West North Avenue where Spiller sold the officer some brownish-white powder for $15. The officer then met two other officers who at the trial gave corroborating testimony. About 7 p. m. the next day Sandoval again went to the apartment and was admitted. Spiller was there and after a few minutes the other officers entered the premises and arrested

jury, personally waives his right to trial by jury, either in writing or in open court for the record.

"(c) A defendant may not withdraw a voluntary and knowing waiver as a matter of right, but the court, in its discretion, may permit withdrawal prior to the commencement of the trial."

It is to be noted that this standard does not require the consent of the state or the approval of the court. The Wisconsin statute is similar to Federal Rules of Criminal Procedure 23(a). Commentary to the standard states, in part (p. 29):

"A more difficult question is whether waiver of jury trial by the defendant should be viewed as a matter of right or whether such waiver should be conditioned upon the consent of the court or the approval of the prosecuting attorney. The jurisdictions which permit waiver in at least some cases are divided on this issue. A total of 17 states allow a defendant to waive a jury without approval, 7 require only the consent of the court, 11 require the consent of the prosecution, and 9 require the consent of both, which is the position taken in Fed. R. Crim. P. 23 (a). Note, 51 Cornell L. Q. 339, 343 (1966)."

Spiller. In answering the jury's inquiry, the trial court instructed the jury the date of the arrest was the day after the sale, but the date was not in issue, "The only issue in this case is did this defendant sell heroin on June 7, 1964."

It is quite true that acts occurring subsequent to an offense may bear on the innocence of the accused. *See Post v. United States* (D. C. Cir. 1968), 407 Fed. 2d 319; *McPherson v. State* (Tex. Crim. 1916), 182 S. W. 1114; *People v. Hopkins* (1966), 76 Ill. App. 2d 350, 222 N. E. 2d 85. While some argument could be made that a prompt arrest or a delayed arrest had some relation to the probative effect of the evidence, a one-day delay in arresting a seller of narcotics is so minimal as to have no probative effect on the issue of guilt and therefore was immaterial. Any extended delay between conviction and arrest generally either goes to probable cause for the arrest, which should be raised prior to the plea, or to a violation of the sixth amendment. *Gonzales v. State* (1970), 47 Wis. 2d 548, 177 N. W. 2d 843, or to due process, *State v. Midell* (1968), 40 Wis. 2d 516, 162 N. W. 2d 54, because of the effect of delay on the credibility of witnesses or their ability to remember or their availability. We find no error in the trial court instructing the jury to focus its attention on the issue to be determined.

### *Was the sentence valid?*

Upon return of the jury verdict of guilty, the court "accepted and received" the verdict; then without formally pronouncing Spiller was convicted, the court proceeded to sentence him. It is claimed this short-cut procedure was in violation of sec. 959.01 (1) and (2), Stats.,[3] and sec. 939.73.[4] The latter section provides

---

[3] "959.01 Conviction; judgment thereon. (1) A person may be convicted only upon a verdict of guilty by the jury, a finding of

a sentence can be imposed only after the defendant has been duly convicted. The question is what is meant by the word "conviction?" A reading of sec. 959.01 (1) indicates that a conviction is different than a finding of fact because it must be based upon: (1) A verdict of guilty by the jury, or (2) a finding of guilty by the court, or (3) a plea of guilty or nolo contendere. In this section, "conviction" means the legal status of the accused based upon a factual finding or admission of guilt. The court, in concluding an accused has acquired the legal status of being convicted, must accept the verdict or its own finding or the plea of guilty or nolo contendere. And, while the conviction is generally evidenced by a separate pronouncement of a judgment to that effect by the court it may be combined with the sentencing. The practice in the trial courts to even pronounce a judgment of conviction has not been uniform or formalized prior to July 1, 1970, when the application of sec. 972.13 of the Criminal Code became effective.

While subsection (2) of sec. 959.01, Stats., provides the court has the duty to pronounce "judgment" upon conviction and may adjourn the case from time to time for that purpose, the word "judgment" here means sentencing. Neither sec. 959.01 (1) or (2) requires a formal judgment of conviction and we think the ac-

guilty by the court in cases where a jury is waived, or a plea of guilty or nolo contendere.

"(2) Upon conviction the court has a duty to pronounce judgment and may adjourn the case from time to time for that purpose. In cases where s. 959.15 is applicable that section is controlling, but in all other cases the court must either impose or withhold sentence and, if the defendant is not fined or imprisoned, he must be placed on probation as provided in ch. 57. Execution of sentence may not be stayed except as provided in ch. 57 and ss. 958.14 and 959.055 (1)."

[4] "Sec. 939.73 Criminal penalty permitted only on conviction. A penalty for the commission of a crime may be imposed only after the actor has been duly convicted in a court of competent jurisdiction."

ceptance by the court of the jury's verdict of guilty was tantamount to a pronouncement of Spiller's legal status of having been convicted. Unfortunately for clarity, the word "conviction" has been used in several meanings in the statutes. In *Davis v. State* (1908), 134 Wis. 632, 115 N. W. 150, the information involving a recidivist referred to prior conviction instead of a sentence. The court held this reference to be harmless error but pointed out there was a legal distinction between a conviction and a sentence. The court also observed the word "conviction" was used in two senses in the statutes; a common use which meant a finding by a jury that a person is guilty and also a frequent use which meant a judgment and sentence of the court upon a verdict or a confession of guilt. It was pointed out in *Remington v. Judd* (1925), 186 Wis. 338, 202 N. W. 679, in a case involving the use of criminal proceedings for impeachment purposes, that the word "conviction" in the statute meant the proceeding had reached the stage of judicial determination that the person charged of the offense was guilty.

While it was unfortunate the trial court merely accepted the jury verdict and did not go farther and pronounce Spiller guilty, the sentence in this case will not be set aside because of it. However, the new Criminal Code, sec. 972.13, Stats., now provides expressly for a formal judgment of conviction to be entered upon a verdict of guilty, a finding of guilty, or a plea of guilty, or no contest.[5] Therefore, the sentence, if one is imposed, must be imposed upon a "judgment of conviction." In the comment to this section, it is stated this

---

[5] The new forms set forth in the Criminal Code which became effective July 1, 1970, provide for a judgment of conviction, separate and distinct from the sentence, and also provide for a judgment of conviction with the sentence imposed and stayed or for a judgment of conviction and the sentence withheld. In all of these cases it is adjudged the "defendant is convicted as found guilty."

section combines old secs. 959.01 and 959.02. While this is true, it also requires a more formal record of the "conviction" by way of a judgment if the sentencing is to be valid.

*By the Court.*—Judgment and order affirmed.