STATE of Wisconsin, Plaintiff-Respondent,

v.

David R. WIMMER, Defendant-Appellant. †

Court of Appeals

*No. 89-0648-CR. Submitted on briefs August 9, 1989.—Decided October 17, 1989.*

(Also reported in 449 N.W.2d 621.)

†Petition to review denied.

For defendant-appellant there was a brief submitted by *Steven P. Weiss,* assistant state public defender of Madison.

For plaintiff-respondent there was a brief submitted by *Lawrence J. Lasee,* assistant district attorney of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. David Wimmer appeals a judgment of conviction finding him to be a repeat offender under sec. 939.62, Stats., for the purpose of sentencing on a misdemeanor battery charge.[1] Wimmer argues that in two of the underlying convictions upon which the court relied, he had merely pled guilty and had not been sentenced. Sentencing and the entry of a judgment of conviction, as he sees it, are a precondition to being "convicted." The trial court disagreed, finding that a defendant is convicted for the purposes of sec. 939.62 once he has entered a guilty plea and that plea has been accepted. This court affirms the trial court's decision.

On August 23, 1988, Wimmer entered a guilty plea to two counts of battery and one count of resisting arrest. The court accepted the plea and set a later date

---

[1]Because the issue is one of first impression in this state, we converted this from a one-judge to a three-judge appeal on our own motion pursuant to sec. 809.41(3), Stats., by order dated October 3, 1989.

for sentencing. Early the next morning, following a night of drinking, Wimmer beat up his live-in girlfriend. She had also been the victim in one of the batteries to which he had pled guilty the previous day. Wimmer was charged with one count of misdemeanor battery under sec. 940.19(1), Stats. Because of his prior misdemeanor convictions, including the August 23 finding of guilt, Wimmer was charged, convicted, and sentenced as a repeat offender pursuant to sec. 939.62.

The only question raised in this appeal is whether the August 23 proceeding constituted a conviction under sec. 939.62. The interpretation of a statute presents a question of law that we review de novo. *State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984). Where the facts are undisputed, a question of law is presented, which we examine without deference to the trial court. *State v. Williams,* 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981).

The first issue is whether the use of the term "conviction" in sec. 939.62 renders that statute ambiguous and open to interpretation by this court.[2] *See Wittrock,*

---

[2]Section 939.62 states in relevant part:

**Increased penalty for habitual criminality.** (1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:
. . ..
(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground

119 Wis. 2d at 669, 350 N.W.2d at 650. A statute is ambiguous if reasonable people could disagree as to its meaning. *Id.* Whether a statute is ambiguous is a question of law. *Warren v. Link Farms, Inc.,* 123 Wis. 2d 485, 488, 368 N.W.2d 688, 690 (Ct. App. 1985). If a statute is ambiguous, we may examine the scope, history, context, subject matter and object to be accomplished to determine legislative intent. *West Allis Sch. Dist. v. DILHR,* 116 Wis. 2d 410, 419, 342 N.W.2d 415, 420–21 (1984).

The word "conviction" is capable of conveying two meanings. As our supreme court has stated:

> The term "conviction" is used in common language, and sometimes in the statutes, in two different senses. "In its most common use it signifies the finding of the jury that the person is guilty, but it is frequently used as implying a judgment and sentence of the court upon a verdict or confession of guilt."

*Davis v. State,* 134 Wis. 632, 638, 115 N.W. 150, 153 (1908) (quoting *Commonwealth v. Gorham,* 99 Mass. 420, 422 (1868)). The distinction *Davis* drew between the possible meanings of the word "conviction" was more recently cited in *Spiller v. State,* 49 Wis. 2d 372, 378, 182 N.W.2d 242, 245 (1971). After examining several dictionaries, we are convinced that at least two possible definitions still exist; a popular meaning indicating a finding of guilt and a more technical legal meaning referring to the entire procedural process resulting in a judgment and sentence.[3]

of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

[3]*See, e.g.,* Webster's Third New Int'l Dictionary 499 (Unabr. 1976): "the act of proving, finding or adjudging a person guilty of

Although we conclude that based on the language of the statute an ambiguity exists, several factors weigh in favor of accepting the state's argument that the finding of guilt on August 23 constituted a conviction. One is that nontechnical words in the statutes are to be given their ordinary and accepted meaning when not specifically defined by the legislature. *Wittrock,* 119 Wis. 2d at 670, 350 N.W.2d at 651. Both definitions are "ordinary and accepted"; however, the more common usage of "conviction" is to refer to a finding of guilt. The second reason is that prior interpretation of this term by courts of this state favor that definition. In *Remington v. Judd,* 186 Wis. 338, 341, 202 N.W. 679, 680 (1925), our supreme court stated:

> The word "conviction," as here found in the statute, means that the criminal proceedings must have reached the stage of a judicial determination that the person charged with the offense was guilty, and nothing short of that meets the statutory requirement.

This language from *Remington* was cited with approval in *Spiller,* 49 Wis. 2d at 378, 182 N.W.2d at 245. The attorney general goes as far as stating, "For the purpose of penal statutes, a conviction means an adjudication of guilt by the court, upon the defendant's admission or

---

an offense or crime . . . *specif*: the proceeding of record by which a person is legally found guilty of a crime esp. by a jury and on which the judgment is based." Black's Law Dictionary 301 (5th ed. 1979): "In a general sense, the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." These definitions reinforce what the court found in *Davis* and *Spiller.* In ordinary usage a judgment or sentence is based upon a conviction, in legal parlance a judgment or sentence is considered part of a conviction.

plea or upon the verdict." 29 Op. Att'y Gen. 299, 302 (1940). We need not make that sort of blanket pronouncement, but we do note Wisconsin courts have generally applied that definition. Therefore, we are also inclined to apply what might be termed the "common" meaning. However, enough of an ambiguity exists that we must proceed beyond the language of the statute itself.

Wimmer argues that because an ambiguity exists, the statute, being penal in nature, must be strictly construed. We agree that sec. 939.62 is a penal statute, and therefore we would tend to give it a narrower meaning. However, as this court has stated:

> We are not unmindful of the rule, but it comes attended with qualifications and other rules of no less importance. For instance, the rule of strict construction does not mean that only the narrowest possible construction must be adopted in disregard of the statute's purpose. A statute should be construed to give effect to its leading idea and should be brought into harmony with its purpose.

*State v. O'Neil*, 141 Wis. 2d 535, 540, 416 N.W.2d 77, 79–80 (Ct. App. 1987) (citation omitted).

Wimmer reasons that the purpose of the statute is to provide harsher sanctions for those who have not learned from past punishment. He refers us to the following language from *Faull v. State,* 178 Wis. 66, 72, 189 N.W. 274, 276 (1922):

> [R]epeater statutes . . . are intended to apply to persistent violators who, experience has shown, do not respond to the restraining influence of criminal punishment. Reformation of the offender is a dominant purpose of criminal punishment, and until the

660

offender has suffered the penalty of the law he is not within the spirit and purpose of statutory provisions intended for persistent and habitual violators.[4]

Wimmer contends that sentencing him as a repeater is contrary to this stated purpose as he has not yet had the benefits of criminal punishment for previous crimes that form the basis for his status as a repeater.

However, there have consistently been other reasons articulated for the existence of the repeater statute:

"The increased severity of the punishment for the subsequent offense is not a punishment of the person for the first offense a second time, but a severer punishment for the second offense, because the commission of the second offense is evidence of the incorrigible and dangerous character of the accused, which calls for and demands a severer punishment than should be inflicted upon the person guilty of a first crime."

*Howard v. State,* 139 Wis. 529, 532, 121 N.W. 133, 135 (1909) (quoting *Ingalls v. State,* 48 Wis. 647, 658, 4 N.W. 785, 794 (1880)). More recently, our courts have also justified the statute on the grounds that it serves as a warning to first offenders. *State v. Harris,* 119 Wis. 2d 612, 619, 350 N.W.2d 633, 637 (1984); *State v. Midell,* 40 Wis. 2d 516, 527, 162 N.W.2d 54, 59 (1968).

By far the most persuasive evidence of the purpose behind sec. 939.62 is the extended discussion of its legislative history in *Wittrock.* Because of its importance, it is worth quoting at some length:

---

[4]This rationale was more recently articulated in *State v. Banks,* 105 Wis. 2d 32, 49, 313 N.W.2d 67, 75 (1981), and *Block v. State,* 41 Wis. 2d 205, 212-13, 163 N.W.2d 196, 200 (1968).

Platz noted that some of the changes in the repeater statute were made to cure deficiencies in the old statute. 1950 Wis. L. Rev. at 237. For example, to be eligible for repeater status under the old statute, one must have been *sentenced* to imprisonment. Therefore, if a defendant were placed on probation and the sentence withheld, the defendant would not qualify as a repeater. To cure this sort of discrimination between similarly situated defendants, the revised statute focused upon the previous conviction. *Id.* at 237–38. As Platz noted,

> "(1) Previous *conviction* of a felony or *three* misdemeanors determines a convict's status as a repeater, regardless of what the previous *sentence* may have been." *Id.* at 241. (Emphasis in the original.)

The 1949 committee comment utilized similar language.

> "The present habitual criminal sections are archaic. The changes made by this revision are radical and are self-evident. Emphasis is shifted from the prior sentence (and the nature of the institution to which sentenced) *to the prior crime.* (3)(a) is like present 359.14 except that 3 prior convictions of misdemeanors are required instead of one . . .." Wis. Stat. Ann. section 939.62 (West 1982). (Emphasis added.)

We believe that both Platz's comments and those of the advisory committee indicate that the revised repeater statute shifted focus away from the prior sentence and toward the *prior crime.* In the case of misdemeanors, Platz refers to "three misdemeanors," and the committee refers to "3 prior convictions of misdemeanors." This indicates a concern with the quantity of crimes rather than with the time

of conviction. Whenever a misdemeanant is convicted of a fourth misdemeanor which was committed subsequent to the convictions of three prior misdemeanors, the defendant's sentence may be enhanced by the repeater statute.

*Wittrock,* 119 Wis. 2d at 672-74, 350 N.W.2d at 652-53 (footnote omitted).[5]

*Wittrock* clearly shifts the emphasis in the repeater statute from the effect of a previous sentence to the effect of a previous crime. Because of this change in policy, it makes little sense to wait for sentencing before finding that someone has been convicted of a crime. For the purposes of sec. 939.62, the prior sentencing is no longer relevant. Because the emphasis is now on the prior crime, it is logical to find the defendant "convicted" upon a finding of guilt.

Wimmer raises two more arguments against this reading of the statute. The first is that our interpretation is in conflict with the majority view of what constitutes a "conviction" for the purposes of a repeater statute. While we acknowledge that some publications refer to a majority view that a conviction includes sentencing and entry of judgment, our survey of jurisdictions reveals no clear majority trend.[6] The jurisdictions appear about

[5]The Platz article referred to is Platz, *The 1949 Revision of the Wisconsin Code of Criminal Procedure,* 1950 Wis. L. Rev. 28.

[6]For jurisdictions that consider a conviction to be an adjudication of guilt, *see e.g., People v. Lindsey,* 249 Cal. App. 2d 6, 57 Cal. Rptr. 190 (1967); *Marcum v. State,* 154 N.E.2d 376 (Ind. 1958); *State v. Kramer,* 235 N.W.2d 114 (Ia. 1975); *Jackson v. State,* 418 So. 2d 827 (Miss. 1982); *State v. Smith,* 650 S.W.2d 640 (Mo. Ct. App. 1983); *State v. Burk,* 680 P.2d 980 (N.M. Ct. App. 1984); *State v. Dassinger,* 294 N.W.2d 926 (S.D. 1980); and *State v. Kelly,* 582 P.2d 891 (Wash. Ct. App. 1978).

For those states that equate a conviction with an entry of judg-

equally split with each state interpreting its own repeater statute in line with its specific language and the legislative intent behind it. Nothing in these cases from other jurisdictions persuades us to do otherwise.

Wimmer also argues that a finding of guilt is not really final in any meaningful sense because a guilty plea can be easily withdrawn prior to sentencing. This court does not believe the standard for withdrawal of a guilty plea prior to sentencing is as minimal as Wimmer represents it to be. The defendant must show a "fair and just reason" for withdrawal of the plea. *Libke v. State,* 60 Wis. 2d 121, 129, 208 N.W.2d 331, 335 (1973). A desire to avoid the sanctions of sec. 939.62 is not "fair and just reason." At some point a line must be drawn, and we hold that once the court has accepted a guilty plea or verdict, the "conviction" becomes sufficiently final to trigger the operation of the repeater statute.

Finally, we note that this decision may have only limited applicability. In the vast majority of cases involving the repeater statute, courts will correctly rely on the date of conviction entered on the written judgment of conviction. It is only when this written document is unavailable or has not yet been prepared that the court will have to refer to other sources to determine

ment, *see People v. Jacquez,* 588 P.2d 871 (Colo. 1979); *State v. Rodrigues,* 706 P.2d 1293 (Haw. 1985); *State v. O'Dell,* 225 P.2d 1020 (Idaho 1950); *Illinois ex rel. Grogan v. Lisinski,* 446 N.E.2d 1251 (Ill. App. Ct. 1983); *State v. Southern,* 331 S.E.2d 688 (N.C. 1985); *State v. Henderson,* 389 N.E.2d 494 (Ohio 1979); *Vasquez v. Courtney,* 537 P.2d 536 (Or. 1975); and *Jones v. State,* 711 S.W.2d 634 (Tex. Crim. App. 1986).

*See also* Annotation, *What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense,* 5 A.L.R. 2d 1080 (1949 & Supps. 1985, 1989).

whether an individual has been "convicted." *See State v. Charette,* 51 Wis. 2d 531, 535, 187 N.W.2d 203, 205 (1971) ("in the absence of a pronouncement of judgment, conviction occurs upon the finding of guilty by the jury.")

 *By the Court.*—Judgment affirmed.