STATE of Wisconsin, Plaintiff-Respondent,

v.

Troy D. TRUDEAU, Defendant-Appellant.†

Court of Appeals

*No. 89-2377-CR. Submitted on briefs May 8, 1990.—Decided June 12, 1990.*

(Also reported in 458 N.W.2d 383.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Leonard D. Kachinsky* of *Kachinsky Law Offices* of Neenah.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Troy Trudeau appeals a judgment of conviction for party to robbery, contrary to secs. 943.32(1) and 939.05, Stats., and an order denying post-conviction relief. Trudeau contends that the trial court erred by allowing him to be impeached by evidence of prior criminal acts to which he had pled guilty, but had not yet been sentenced. We hold that Trudeau had been convicted of those crimes for the purposes of admitting them as impeachment evidence under sec. 906.09(1), Stats., and therefore affirm the conviction.

On June 19, 1988, Trudeau and two other men robbed a pizza deliveryman. Although Trudeau was alleged to have taken part in the planning of the crime and the spending of the proceeds, there is no dispute that he was not the individual who accosted the delivery-man at knifepoint.

Trudeau claimed that the robbery was a prank gone awry, and pled not guilty to armed robbery, party to a crime. Trudeau testified in his own defense, and over his objections the trial court allowed the state to impeach

Trudeau's credibility with prior criminal acts to which a plea of guilty had been accepted by the trial court, but on which he had not yet been sentenced. The jury found Trudeau guilty of unarmed robbery, a lesser-included offense.

Section 906.09(1), Stats., which permits impeachment of a witness by evidence of a prior conviction, provides as follows: "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible. The party cross-examining him is not concluded by his answer." Trudeau argues that his accepted guilty plea is not a conviction under this statute.

As we stated recently, the term conviction is susceptible to two meanings; the first being a finding of guilt, and the second involving the entire judicial process, including sentencing. *State v. Wimmer,* 152 Wis. 2d 654, 658, 449 N.W.2d 621, 622 (Ct. App. 1989). The meaning the legislature intended must be derived from the purpose of the statute. *Id.* at 660–61, 449 N.W.2d at 623.

The purpose of this particular statute has been set out in prior opinions:

> The fact of prior convictions and the number thereof is relevant evidence because the law in Wisconsin presumes that one who has been convicted of a crime is less likely to be a truthful witness than one who has not been convicted. In addition, the number of prior convictions is also held to be relevant evidence on the issue of credibility because the more often one has been convicted, the less truthful he is presumed to be. *Liphford v. State,* (1969), 43 Wis. 2d 367, 168 N.W.2d 549. This presumption obtains in

both civil and criminal litigation. *Underwood v. Strasser* (1970), 48 Wis. 2d 568, 180 N.W.2d 631.

*Nicholas v. State,* 49 Wis. 2d 683, 688, 183 N.W.2d 11, 14 (1971). We hold that an accepted guilty plea is sufficient to implicate the policies behind sec. 906.09(1), Stats.. the statute is focused on the prior act, not the criminal sentence resulting from it.

A comparison with *Wimmer* is illustrative. In *Wimmer,* we held that the term "conviction" in the statute authorizing enhanced penalties for repeat offenders meant only a finding of guilt and need not include sentencing. *Id.* at 663-64, 449 N.W.2d at 624. Although some of the policies underlying the repeater statute, such as providing harsher penalties to those who had not learned from past punishments, were not satisfied if the individual had not yet been sentenced or punished, *id.* at 660-61, 449 N.W.2d at 623, we held that the dominant policy was to increase the punishment of people who committed multiple crimes, regardless of the disposition of their earlier offenses. *Id.*

Here, the criminal act and not the subsequent punishment underlies the theory that prior convictions affect credibility. Trudeau's impeachment was based on his past criminality, not on anything having to do with his sentencing. The fact that he could have attempted to withdraw his guilty plea prior to sentencing does not greatly increase his credibility. Therefore, an accepted guilty plea is sufficient to constitute a conviction for the purpose of allowing impeachment testimony under sec. 906.09(1), Stats.

*By the Court*—Judgment and order affirmed.