STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy J. JOHNSON, Defendant-Appellant.†

Court of Appeals

*No. 2004AP2176–CR, 2004AP3031–CR. Submitted on briefs April 18, 2005.—Decided August 16, 2005.*

2005 WI App 202

(Also reported in 704 N.W.2d 318.)

† Petition to review denied 10-14-05.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jo C. Vandermause* of Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Jeffrey J. Kassel*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Timothy Johnson appeals judgments ordering him confined in the county jail for consecutive nine-month periods as a condition of probation and an order denying his motion for postconviction relief. Johnson argues the trial court had no statutory authority to order consecutive periods of conditional jail time. He argues alternatively that requiring him to serve a total of eighteen months in jail as a condition of probation violates Wis. Stat. § 973.09(4)(a), which gives trial courts the authority to order jail time "during such period of the term of probation as the court prescribes, but not to exceed one

year."[1] Because Johnson is serving separate probationary terms, we reject his arguments and affirm the judgments and order.

## *Background*

¶ 2. On September 26, 2003, Johnson entered a no contest plea to one count of failure to pay child support. Several weeks later, on November 10, 2003, Johnson pled guilty to two counts of delivery of cocaine.[2] He was found guilty in both cases on the respective days on which he entered his pleas. He was not sentenced for either crime, however, until January 24, 2004. At that time, the trial court withheld sentence on the child support conviction, placing Johnson on probation for five years. As a condition of probation, Johnson was ordered to serve nine months in the county jail. The court also withheld sentence on both drug counts, placing Johnson on probation for twelve years. As a condition of probation, Johnson was ordered to serve nine months in the county jail. Finally, the trial court ordered that the terms of probation in the drug cases and the child support case be concurrent, but made the periods of conditional jail time consecutive to each other. Johnson was thus required, as a condition of probation, to serve a total of eighteen months in the county jail.[3]

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] Johnson was originally charged with two counts of cocaine delivery within one thousand feet of a park, maintaining a drug trafficking place, possession of THC, and possession of drug paraphernalia. Under the terms of his plea agreement, the park enhancers were dropped and the other charges dismissed.

[3] WISCONSIN STAT. § 973.09 provides:

¶ 3. Johnson filed a motion for postconviction relief in the drug cases, arguing that the second nine months of jail time was an unlawful condition of probation. After a hearing, the trial court orally denied his motion.[4] Johnson now appeals.

**Probation.** (1) (a) Except as provided in par. (c) . . . if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The court may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously . . . .

. . . .

(2) The original term of probation shall be:

(a) 1. Except as provided in subd. 2., for misdemeanors, not less than 6 months nor more than 2 years.

2. If the probationer is convicted of not less than 2 nor more than 4 misdemeanors at the same time, the maximum original term of probation may be increased by one year. If the probationer is convicted of 5 or more misdemeanors at the same time, the maximum original term of probation may be increased by 2 years.

a. 1. Except as provided in subd. 2., for felonies, not less than one year nor more than either the maximum term of confinement in prison for the crime or 3 years, whichever is greater.

2. If the probationer is convicted of 2 or more crimes, including at least one felony, at the same time, the maximum original term of probation may be increased by one year for each felony conviction.

. . . .

(4) (a) The court may also require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes, but not to exceed one year.

[4] Johnson originally filed a notice of appeal with regard to that denial, but this court concluded, on September 23, 2004,

317

### Discussion

¶ 4. When we interpret a statute, our goal is to ascertain and give effect to its intended purpose. *See, e.g., Wenke v. Gehl Co.*, 2004 WI 103, ¶ 32, 274 Wis. 2d 220, 682 N.W.2d 405. To achieve that goal, we begin with the language of the statute. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is clear when we give its words their commonly accepted meanings, we ordinarily stop the inquiry. *Id.* Context and the structure of the statute in which the questioned language appears may also be critical to establishing the meaning of particular words and phrases. *Id.*, ¶ 46. The language of a statute is not interpreted in isolation, but as part of a larger text, and in relation to the language of surrounding or closely related statutes. *Id.*

¶ 5. A statute is ambiguous, according to the most common formulation of the test, if it is capable of being understood by reasonably well-informed persons in two or more senses. *Id.*, ¶ 47. To resolve ambiguity in a statute's language, we may move beyond the text of the statute to extrinsic evidence about the scope, history, context, and purpose of the statute. *See State ex rel. Cramer v. Schwarz*, 2000 WI 86, ¶ 18, 236 Wis. 2d 473, 613 N.W.2d 591. But our aim remains the

---

that we could only review the judgment of conviction because no written order denying the postconviction motion had been entered. A written order denying Johnson's original postconviction motion was entered in November 2004, Johnson filed a second notice of appeal, and we consolidated the appeals in the drug and child support cases.

same: to determine what the statute means so it can be given its full, proper, and intended effect. *Kalal*, 271 Wis. 2d 633, ¶ 44.

¶ 6. Johnson argues first that the trial court had no authority to order, as a condition of probation, two consecutive periods of jail time. The State counters that a trial court has the power "to impose any conditions [of probation] which appear to be reasonable and appropriate." WIS. STAT. § 973.09(1)(a). That broad discretion is constrained, the State further asserts, only to the extent that a probation condition is expressly or specifically limited by another statute. *See State v. Oakley*, 2000 WI 37, ¶¶ 26–27, 234 Wis. 2d 528, 609 N.W.2d 786.

¶ 7. On that limited point, we agree with the State. Under WIS. STAT. § 973.09(4)(a), trial courts have the explicit authority to require a probationer to be confined in the county jail "during such period of the term of probation as the court prescribes." We have concluded elsewhere that the authority to impose conditional jail time includes the authority to stay time as well as the authority to fix the specific time a probationer must spend in jail. *State v. Edwards*, 2003 WI App 221, ¶¶ 11–12, 22, 267 Wis. 2d 491, 671 N.W.2d 371. The principles of *Edwards* thus dictate that a trial court also has the power to delay imposing conditional jail time until after some other event, such as a program or another period of conditional jail time, has occurred.

¶ 8. The problem here is therefore not when the periods of conditional jail time were imposed, but how long the total period of confinement is. The court's authority to impose jail time as a condition of probation is expressly limited to "such period of the term of probation as the court prescribes, but not to exceed one

319

year." WIS. STAT. § 973.09(4)(a). The State argues that the one-year limit on conditional jail time does not apply in this case because Johnson is not serving a single probationary term. Johnson contends that the phrase "term of probation" refers to a single period of probation associated with multiple convictions at the same time. He further contends that he was convicted at the same time for the drug and child support cases because he was sentenced on the same day in both cases.

¶ 9. The language of WIS. STAT. § 973.09, the general probation statute, supports Johnson's contention that the phrase "term of probation" refers to a single unit of time that may be extended to reflect multiple convictions. The statute provides that the original term of probation for misdemeanors shall be "not less than 6 months nor more than 2 years," WIS. STAT. § 973.09(2)(a)1., while the original term of probation for felonies is "not less than one year nor more than either the maximum term of confinement . . . or 3 years." WIS. STAT. § 973.09(2)(b)1. If the probationer is convicted of multiple[5] misdemeanors at the same time, the maximum original term of probation may be increased by a year. WIS. STAT. § 973.09(2)(a)2. Similarly, if a probationer is convicted of two or more crimes, including at least one felony, at the same time, the maximum original term of probation may be increased by one year for each felony conviction. WIS. STAT. § 973.09(2)(b)2. If Johnson was convicted at the same time in his drug and child support cases, those crimes would, as the State apparently concedes, give rise to a single "term of probation," which in turn would mean that the one-year limit on conditional jail time applied to that term.

---

[5] Multiple here means not less than two misdemeanors nor more than four. *See* WIS. STAT. § 973.09(2)(a)2.

¶ 10. Thus, the critical question is whether Johnson was convicted at the same time in the drug and child support cases. To answer that question, we must decide whether conviction occurs, for the purposes of Wis. Stat. § 973.09, at the time a guilty plea is entered or at the time of sentencing and the entry of judgment.

¶ 11. Johnson argues that the word conviction is ambiguous. Like courts in other jurisdictions, Wisconsin courts have repeatedly recognized that conviction can refer either to the finding of guilt or to the entire procedural process resulting in a judgment and sentence.[6] *See, e.g., State v. Wimmer*, 152 Wis. 2d 654, 658, 449 N.W.2d 621 (Ct. App. 1989). Because Wis. Stat. § 973.09 neither defines conviction nor clearly indicates which meaning of conviction is intended, we conclude that conviction is ambiguous in the probation statute as well. To resolve that ambiguity, we look both to extrinsic evidence of legislative intent and to our interpretation of the word conviction in similar or related statutes.

¶ 12. The legislative history of the provisions provides little insight into what the legislature intended when, in 1965, it first granted trial courts the authority to impose jail time as a condition of probation.[7] There is no discussion of the new provision, which sets out the parameters for ordering conditional jail time that still govern trial courts today:

---

[6] Our supreme court first recognized this duality of meaning almost a century ago. *See Davis v. State*, 134 Wis. 632, 638, 115 N.W. 150 (1908) (citing *Commonwealth v. Gorham*, 99 Mass. 420, 422 (1868)).

[7] *See* Wis. Stat. § 57.01(6) (1965), created by 1965 Wis. Laws, ch. 394, § 2.

[t]he court may also require as a condition of probation that the probationer be confined in the county jail between the hours or periods of his employment during such portion of his term of probation as the court specifies, but not to exceed one year.

Wis. Stat. § 973.09(4)(a) (1965). Nor are there any drafting records or revisions that might clarify the purpose of adding jail time to the broad array of conditions that can be imposed on probationers. At the time the provision was added, the probation statute contained no reference to multiple convictions. It simply set out the temporal parameters of the probationary period: "[t]he original term of probation shall not be less than one year nor more than either the statutory maximum . . . or 3 years, whichever is greater." Wis. Stat. § 57.01(3) (1965).

¶ 13. In the late 1960s, as part of a complete reworking of Wisconsin criminal procedure, the probation statute was revised to give trial courts the authority to make the period of probation consecutive to a sentence on a different charge whether "imposed at the same time or previously."[8] The revised statute also clarified how a "term of probation" was to be calculated. Under what now became Wis. Stat. § 973.09(2) (1969), "the original term of probation shall be: (a) For misdemeanors, not more than two years; (b) For felonies, not less than one year nor more than either the statutory maximum . . . or 3 years."

¶ 14. Wisconsin. Stat. § 973.09(2) was revised again in 1983 to allow trial courts to increase the original term of probation when there were multiple

_____

[8] Wis. Stat. § 973.09 (1969) was created by 1969 Wis. Laws, ch. 255, § 63.

convictions at the same time.[9] Analysis by the Legislative Reference Bureau indicates the revision was a response to a decision of this court and an Attorney General's Opinion,[10] both of which said courts could not impose consecutive periods of probation when a defendant was "convicted" of multiple crimes at the same time. Comments on the estimated cost of this change explain: This legislation is intended to place an offender on probation for a longer period of time if there are multiple misdemeanor or felony convictions.[11]

¶ 15. The legislative history thus indicates a clear intent to increase the length of the probationary period for convictions at the same time, but provides no insight into what the legislature meant by conviction. Thus, we turn to our interpretation of the term in other statutes.

¶ 16. In *Wimmer*, we found conviction ambiguous, and concluded that it meant adjudication of guilt for the purposes of the repeat offender statute. *See Wimmer*, 152 Wis. 2d at 659. Although we declined to make a "blanket pronouncement" about whether that definition applied to other penal statutes, we noted a preference, supported by supreme court dicta, for the

---

[9] *See* WIS. STAT. § 973.09(2) (1984) (renumbered and amended by 1983 Wis. Act 519, §§ 2–5).

[10] *See* LRB-4278/4, LEGISLATIVE REFERENCE BUREAU, ANALYSIS, citing *State v. Gereaux*, 114 Wis. 2d 110, 338 N.W.2d 118 (Ct. App. 1983), and 69 OP. ATT'Y GEN. 173 (1980). Revisions to the draft of the bill make it clear the legislature initially sought to authorize consecutive periods of probation, but decided instead to increase the possible term of probation for multiple simultaneous convictions.

[11] *See* ROBERT MARGOLIES, HEALTH AND SOCIAL SERVICES, FISCAL ESTIMATE FOR AB 926 (1983 Session).

more popular meaning of adjudication of guilt.[12] *Id.* at 658–59. We found "most persuasive" the legislative history of the repeater statute, a history clearly indicating an intentional shift in the focus of the statute from past sentence to past crime. *Id.* at 661–62. Because prior sentencing had become irrelevant for the purposes of the statute, we determined that it made no sense to interpret conviction as referring to sentencing. *Id.* at 662–63.

¶ 17. Using similar logic, we have also determined that conviction occurs upon adjudication of guilt for the purposes of the sentencing guideline scoresheets. *State v. Smet*, 186 Wis. 2d 24, 29–30, 519 N.W.2d 697 (Ct. App. 1994) (noting we saw "no reason" to deviate from *Wimmer* and that consistency promotes certainty and a uniform application of the law). Finally, an accepted guilty plea constitutes a conviction for the purposes of impeachment testimony under Wis. Stat. § 906.09(1). *State v. Trudeau*, 157 Wis. 2d 51, 54, 458 N.W.2d 383 (Ct. App. 1990). In that case, we drew specific parallels with *Wimmer*—it is the criminal act, not the sentence or punishment, that is the basis for the impeachment —and therefore decided the question not by reference to legislative history but based on the policies implicated by the statute. *Trudeau*, 157 Wis. 2d at 53–54.

¶ 18. Conviction has been defined differently, however, in other contexts. In termination of parental

---

[12] The State suggests that we have effectively done just that. The cases it cites in support of that proposition do not support such a characterization, however; they rather reiterate the essential point that *Wimmer* controls the meaning of conviction in the repeater statutes. *See, e.g., State v. Watson*, 2002 WI App 247, ¶ 11, 257 Wis. 2d 679, 653 N.W.2d 520; *see also State v. Wimmer*, 152 Wis. 2d 654, 664, 449 N.W.2d 621 (Ct. App. 1989).

rights proceedings, for example, we concluded that conviction means a conviction "after the right of appeal has been exhausted." *In re Kody D.V.*, 200 Wis. 2d 678, 681, 548 N.W.2d 837 (Ct. App. 1996). Our decision there rested primarily on the parent's fundamental liberty interest in not being deprived of a child, and the statute's concern with balancing the child's and the parent's interests. We have also concluded that "a conviction does not occur until a sentence is imposed" for the purposes of calculating the number of convictions for operating while intoxicated. *State v. Matke*, 2005 WI App 4, ¶ 12, 278 Wis. 2d 403, 692 N.W.2d 265.

¶ 19. Johnson argues that, in the absence of guidance from the legislative history, we must construe Wis. STAT. § 973.09 strictly against the State and in favor of the milder penalty. *See State v. Morris*, 108 Wis. 2d 282, 289, 322 N.W.2d 264 (1982). We are not persuaded.

¶ 20. As we observed elsewhere:

> [t]he rule of strict construction does not mean that only the narrowest possible construction must be adopted in disregard of the statute's purpose. A statute should be construed to give effect to its leading idea and should be brought into harmony with its purposes.

*State v. O'Neil*, 141 Wis. 2d 535, 540, 416 N.W.2d 77 (Ct. App. 1987). WISCONSIN STAT. § 973.09(4)(a) allows trial courts the option of using jail time as one of the conditions of probation to pursue the goals of probation, including rehabilitation. *See State v. Avila*, 192 Wis. 2d 870, 881–82, 532 N.W.2d 423 (1995). That option is limited by statute to a maximum of one year for each term of probation. A term of probation is determined, as the probation statute mandates, by working from a base "original term" and lengthening the original term for multiple simultaneous convictions. We see no rea-

son, however, to expand the number of convictions potentially encompassed by a single "term of probation" by construing "convicted at the same time" to mean sentenced at the same time. Such a reading could, among other things, encourage parties to manipulate court schedules for the purpose of stacking sentencing hearings. We also agree with the State that consistency supports reading § 973.09 as we have read other sentencing statutes, and interpreting conviction as referring to the adjudication of guilt. Because we conclude that Johnson was not convicted at the same time in the child support and drug cases, and therefore not serving a single probationary term, the trial court had the statutory authority to order consecutive periods of conditional jail time.

*By the Court.*—Judgments and order affirmed.