STATE of Wisconsin,
Plaintiff-Respondent,

v.

Romaine Anthony LANGHAM,
Defendant-Appellant.†

Court of Appeals

*No. 2005AP2164–CR. Submitted on briefs June 13, 2006.
—Decided June 27, 2006.*

2006 WI App 149

(Also reported in 720 N.W.2d 544.)

† Petition to review denied 9/11/06.

384

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Dianne M. Erickson* of *Wasielewski and Erickson*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Rebecca Rapp St. John*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J.  Romaine Anthony Langham appeals from a judgment entered on jury verdicts finding him guilty of possessing cocaine with the intent to deliver, *see* WIS. STAT. § 961.41(1m)(cm)2, unlawfully possessing tetrahydrocannabinols, *see* § 961.41(3g)(e), and bail jumping, *see* WIS. STAT. § 946.49(1)(b). The trial court, the Honorable John Siefert, presiding, sentenced Lang-

ham to: a six-year term of imprisonment on the cocaine conviction, made up of four years of initial confinement and two years of extended supervision; a consecutive two-year term of imprisonment on the tetrahydrocannabinols conviction, made up of one year of initial confinement and one year of extended supervision; and a consecutive six-year term of imprisonment on the bail-jumping conviction, made up of three years of initial confinement and three years of extended supervision. *See* WIS. STAT. § 973.01 (term of imprisonment encompasses a period of initial confinement followed by a period of extended supervision). The trial court, however, stayed this latter sentence and placed Langham on probation for six years. Langham argues that six years of probation violates the statute. We disagree and affirm.

¶ 2.   This appeal resolves on the clear language of the material statute as applied to facts that no one disputes. Thus, our review is *de novo*. *State v. Swiams*, 2004 WI App 217, ¶ 5, 277 Wis. 2d 400, 404, 690 N.W.2d 452, 454.

> Application of statutes requires that we "faithfully give effect to the laws enacted by the legislature." In doing so, "[w]e assume that the legislature's intent is expressed in the statutory language." If that language is clear, we apply it as it reads because the words used by the legislature are the best evidence of its intent.

*Id.*, 2004 WI App 217, ¶ 5, 277 Wis. 2d at 404–405, 690 N.W.2d at 454 (citations and quoted sources omitted).

¶ 3.   The governing statute here is WIS. STAT. § 973.09(2). It provides, as material:

> The original term of probation shall be:

. . . .

(b) 1. Except as provided in subd. 2., for felonies, not less than one year nor more than either the maximum term of confinement in prison for the crime or 3 years, whichever is greater.

2. If the probationer is convicted of 2 or more crimes, including at least one felony, at the same time, the maximum original term of probation may be increased by one year for each felony conviction.

As we have seen, the trial court placed Langham on probation for the bail-jumping conviction. *See* WIS. STAT. § 946.49. When arrested for the crimes in this case, Langham was on bail for an unrelated felony charge. Thus, his bail-jumping crime was a "Class H felony." *See* § 946.49(1)(b). Class H felonies are punishable by a maximum term of imprisonment of six years. WIS. STAT. § 939.50(3)(h). Accordingly, under § 973.09(2)(b)1 the "original term of probation" for Langham on the bail-jumping conviction could be for no more than three years. But § 973.09(2)(b)1 specifically subjects that limitation to subdivision 2, which, as we have seen, provides that if a defendant is convicted of two or more crimes "at the same time," the trial court may increase "the maximum original term of probation . . . by one year for each felony conviction." Thus, the maximum term of probation that could be imposed for Langham's felony bail-jumping conviction was six years: three + one + one + one.

¶ 4. The essence of Langham's argument is that it is unfair to count the bail-jumping felony as a felony for which the additional year of probation may be added to the original term of probation, and that the legislature could not have intended such a result because that

would increase the extended-supervision-term components of the imprisonment sentences, contending "there is no need to add even more supervision to a probation term for counts for which the defendant goes to prison." The postconviction court, the Honorable Jeffrey A. Wagner, presiding, rejected that contention. So do we on our *de novo* review.

¶ 5. The legislature was obviously aware of the sentencing scheme it enacted in WIS. STAT. ch. 973. *See Abbas v. Palmersheim*, 2004 WI App 126, ¶ 26, 275 Wis. 2d 311, 329, 685 N.W.2d 546, 554. Section 973.09(2)(b) is part of that scheme, and, as the State points out, the legislature could have easily inserted the word "additional" between "each" and "felony" in the sentence, "If the probationer is convicted of 2 or more crimes, including at least one felony, at the same time, the maximum original term of probation may be increased by one year for each felony conviction." It did not, and we are bound by its decision, which is consistent with its desire over the last generation "to allow trial courts to increase the original term of probation when there were multiple convictions at the same time." *State v. Johnson*, 2005 WI App 202, ¶ 14, 287 Wis. 2d 313, 322–323, 704 N.W.2d 318, 323 (referencing a revision of § 973.09(2) in the early 1980s). As noted by *Johnson*, "[t]he legislative history thus indicates a clear intent to increase the length of the probationary period for convictions at the same time." *Id.*, 2005 WI App 202, ¶ 15, 287 Wis. 2d at 323, 704 N.W.2d at 323.

*By the Court.*—Judgment and order affirmed.