STATE of Wisconsin, Plaintiff-Respondent,

v.

Seth GOLDSTEIN, Defendant-Appellant.

Court of Appeals

*No. 93–1358–CR. Submitted on briefs November 11, 1993.—Decided February 2, 1994.*

(Also reported in 513 N.W.2d 631.)

251

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Mary E. Burke*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J.  Seth Goldstein appeals from a judgment of conviction for operating a motor vehicle without owner's consent (OMVWOC) pursuant to § 943.23(2), STATS., and obstructing an officer pursuant to § 946.41, STATS. Goldstein was charged and sentenced as a repeat offender. The appellate issue is whether Goldstein's prior conviction was adequately proven pursuant to § 973.12(1), STATS. We hold it was not. We reverse the enhanced penalty provisions of the judgment. We remand with directions that the trial court enter an amended judgment sentencing Goldstein to the maximum sentences permitted for the underlying offenses.

## FACTS

The facts are not disputed. On February 26, 1992, the State issued a criminal complaint against Goldstein charging the OMVWOC and obstructing counts plus second-degree recklessly endangering safety pursuant to § 941.30(2), STATS. The offenses were alleged to have occurred on February 25, 1992.

The complaint also alleged that Goldstein had previously been convicted on September 19, 1986 of

battery to a police officer and that he had been placed on probation. The complaint further stated that this probation had been revoked following Goldstein's February 1988 conviction for fourth-degree sexual assault and that, as a result, Goldstein had been sentenced on November 19, 1988 to three years imprisonment.

On August 20, 1992, the State filed an information charging the same three counts as charged in the complaint and reciting the prior conviction as alleged in the complaint.[1]

On January 7, 1993, pursuant to a plea agreement, the State dismissed the reckless endangerment charge and Goldstein pled no contest to the remaining two charges. During the plea hearing, the State advised Goldstein that the maximum penalties on the two charges were eleven years on the OMVWOC charge and three years on the obstructing charge. At this plea hearing, the court did not obtain any admissions from Goldstein regarding the prior felony conviction; nor did the State provide any evidence of the prior conviction. The trial court ordered a presentence report.

At the sentencing, the trial court confirmed that Goldstein was charged as a repeater. The court also inquired about certain entries in the presentence report regarding Goldstein's prior record. The court

---

[1] Besides the felony conviction for battery to a police officer, the complaint and information also alleged the prior misdemeanor conviction for fourth-degree sexual assault. However, the misdemeanor allegation is of no consequence to the repeater issue because § 939.62(2), STATS., provides that the defendant must have acquired *three* misdemeanor convictions within the five- year period prior to commission of the instant offense. Thus, only the felony conviction is germane to the repeater issue because the statute recognizes a single felony conviction within the five-year period as a basis for a repeater allegation.

sentenced Goldstein to a prison term of eleven years on the OMVWOC charge. Since the maximum term for this Class D felony is five years, *see* § 939.50(3)(d), STATS., the repeater portion of this sentence is six years pursuant to § 939.62(1)(b), STATS. The court also sentenced Goldstein to a consecutive sentence of three years on the obstructing charge. Since the maximum term for this Class A misdemeanor is nine months, *see* § 939.51(3)(a), STATS., the repeater portion of this sentence is two years and three months pursuant to § 939.62(1)(a). The sentences were stayed and Goldstein was placed on probation for eleven years with conditions.

Postconviction, Goldstein challenged the repeater portion of his sentence, arguing that the prior conviction had not been proven pursuant to the requirements of § 973.12(1), STATS., and the case law interpreting the statute. The trial court denied Goldstein's motion. Goldstein appeals.

## DISCUSSION

### The Statute

Section 973.12(1), STATS., provides in relevant part:

> If such prior convictions are admitted by the defendant or proved by the state, [the defendant] shall be subject to sentence under s. 939.62 . . . .. An official report of the F.B.I. or any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported.

The State first argues that Goldstein waived his right to raise this issue by postconviction motion and on appeal because "Goldstein and his trial counsel effectively sat 'silently by' at his sentencing hearing during a discussion of the very proof he now challenges." The State also bases its waiver argument on Goldstein's response to an inquiry from the trial court regarding how long he had been incarcerated following the revocation of probation on the battery charge. Goldstein replied "10 months, about."

In support of its waiver claim, the State cites to *State v. Rachwal*, 159 Wis. 2d 494, 465 N.W.2d 490 (1991). *Rachwal* held that "the defendant's no contest plea, viewed in the context of the record discussion *constituted an affirmative admission of the allegations contained in the complaint." Id.* at 508, 465 N.W.2d at 495 (emphasis added). The *Rachwal* court further stated:

> The admission in this case was an affirmative one. It was direct and specific, as called for by *Farr*. The trial judge expressly drew the defendant's attention to the repeater nature of the charge and to the fact that the possible penalties the defendant was facing might be enhanced, pursuant to the repeater statute, as a result of the defendant's being found guilty pursuant to his no contest plea . . .. In this light, the colloquy into the defendant's understanding of the meaning of the allegations he was facing can be said to have produced *a direct and specific admission.* [Emphasis added.]

*Id.* at 509, 465 N.W.2d at 496.

From this language, it is clear that *Rachwal* is *not* a waiver case. Rather, it is an *admission* case, satisfying one of the alternative forms of proof contemplated

under the statute. Thus, *Rachwal* does not support the State's waiver argument. Beyond *Rachwal*, the State does not cite to any other authority which holds that waiver principles apply to the proof requirements of § 973.12(1), STATS. We reject the State's argument. [2]

*Sufficiency of Goldstein's Admissions to the Conviction*

We now address whether the proceedings at Goldstein's sentencing reveal an admission by Goldstein to the repeater allegations. Here again, *Rachwal* plays a prominent role. As with *Rachwal*, the trial court here did not obtain a specific admission from Goldstein as to the repeater allegations. However, the court here did clarify at the outset of the sentencing that Goldstein was to be sentenced as a repeater. In addition, the court's recital of the maximum possible penalties to Goldstein included the added penalties permitted by the repeater allegations.

However, unlike *Rachwal*, the colloquy here did not obtain Goldstein's express understanding that the repeater allegations increased the possible penalties. We view this as the touchstone of the admission compo-

---

[2] It remains an open question whether principles of waiver can or should apply to the proof requirements for prior convictions resulting in enhanced sentences. While a prior conviction is not an element of the charged offense in the ordinary sense of the word "element," *State v. McAllister*, 107 Wis. 2d 532, 538, 319 N.W.2d 865, 868 (1982), the prior conviction is an essential element of proof to be satisfied at sentencing *if the State is to secure the additional punishment it seeks. Id.* at 537, 319 N.W.2d at 868. Given the liberty interest at stake and in order to assure that enhanced penalties are based on prior convictions *which actually exist*, it may be that the proof requirements of § 973.12(1), STATS., cannot be waived. We save this issue for another day.

nent of § 973.12(1), STATS., and of *Rachwal*. "The trial judge expressly drew the defendant's attention to the repeater nature of the charge and to the fact that the possible penalties the defendant was facing might be enhanced, pursuant to the repeater statute. . .." *Rachwal*, 159 Wis. 2d at 509, 465 N.W.2d at 496. In this case, neither the plea hearing record nor the sentencing hearing record demonstrates, expressly or inferentially, that Goldstein understood or acknowledged the *linkage* between his prior record and the possible maximum penalties.

State v. Farr, 119 Wis. 2d 651, 350 N.W.2d 640 (1984), cautions that "[an] admission may not . . . be inferred . . . but rather, must be a direct and specific admission by the defendant." *Id*. at 659, 350 N.W.2d at 645. And while we see *Rachwal* as retreating somewhat from this language, at the same time *Rachwal* cautions that the circumstances of that case "approach[ed] the absolute bare minimum necessary for a valid admission." *Rachwal*, 159 Wis. 2d at 513, 465 N.W.2d at 497. Here, we conclude that the sentencing proceedings fell below this minimum.

### *Sufficiency of the Presentence Report*

We next consider whether the presentence report constituted sufficient proof of Goldstein's prior conviction. Goldstein concedes that *State v. Caldwell*, 154 Wis. 2d 683, 454 N.W.2d 13 (Ct. App. 1990), holds that a presentence report can qualify as an official report within the meaning of § 973.12(1), STATS., if the report includes the date of conviction for the prior offense. *Id*. at 694, 454 N.W.2d at 18. Here, the presentence report recited that on September 19, 1986, Goldstein was

257

placed on two years probation regarding the battery to a police officer charge.

Goldstein argues that the date a finding of guilt is made, not the date of conviction, is the conviction contemplated by § 973.12(2), STATS. In support, Goldstein cites *State v. Wimmer*, 152 Wis. 2d 654, 449 N.W.2d 621 (Ct. App. 1989). *Wimmer* presented a unique fact situation where the defendant received an enhanced sentence as a repeater where he had pled guilty to the prior offense but had not yet been sentenced. *Id.* at 656-57, 449 N.W.2d at 621. Nonetheless, the court of appeals affirmed the enhanced sentence. *Id.* at 663, 449 N.W.2d at 624.

Goldstein reads *Wimmer* to decree that, in all repeater cases where the defendant does not admit the prior conviction, the State must establish the date of the finding of guilt. We disagree. Although *Wimmer* focuses on the significance of the *dates* of the guilt finding versus the date of conviction, the critical issue in *Wimmer* was not the date of the controlling event; rather, the issue was whether a finding of guilt (regardless of its date) could constitute a conviction for purposes of the repeater statute. As noted, the court concluded that it could.

However, *Wimmer* does not apply in a case such as this where a formal conviction has been entered. In the words of *Wimmer* itself:

> Finally, we note that this decision may have only limited applicability. In the vast majority of cases involving the repeater statute, courts will correctly rely on the date of conviction entered on the written judgment of conviction. It is only when this written document is unavailable or has not yet been prepared that the court will have to refer to other

sources to determine whether an individual has been "convicted."

*Id.* at 664-65, 449 N.W.2d at 625.

We conclude that the presentence report in this case satisfied the proof requirements of § 973.12(1), STATS. However, this does not fully answer whether Goldstein was properly sentenced as a repeat offender because a question remains whether the prior conviction fell within the five-year period prior to the date of the instant offenses. We now turn to this issue.

### THE FIVE-YEAR REQUIREMENT OF THE REPEATER STATUTE

The repeater statute, § 939.62(2), STATS., requires the prior conviction to fall within "the 5-year period immediately preceding the commission of the crime for which [the defendant] presently is being sentenced." Here, the complaint and information alleged a conviction date of September 19, 1986 for the battery to a police officer offense. The date of the instant offenses was February 25, 1992. Thus, the time span between these events exceeded the five-year window set out in § 939.62(2).

The statute, however, excludes from this period "time . . . spent in actual confinement serving a criminal sentence." Section 939.62(2), STATS. At the sentencing proceeding, the trial court's discussions with the district attorney, defense counsel, the presentence report author, and Goldstein himself established that Goldstein's probation on the prior conviction was revoked in 1988 and that he was sentenced to three years. When the court asked Goldstein how long he was in prison, Goldstein replied "10 months, about." Based on this response, the State contends that the five-year window of § 939.62(2) is satisfied.

259

■

The State glosses over the equivocal nature of Goldstein's response.[3] While it may well be that Goldstein's estimate was correct and that he properly received an enhanced sentence, it is also possible that his estimate was incorrect.[4] At first blush, the temptation is to visit this uncertainty upon Goldstein since his response to the trial court's question contributed to this condition. However, we must recall that it is the State which alleged Goldstein's repeater status and which sought an enhanced penalty based thereon. In such a case, "The state must carry the burden to make good the charge in the essential particulars." *State v. Meyer*, 258 Wis. 326, 337, 46 N.W.2d 341, 346 (1951). While a prior conviction is not an element of the charged offense, *State v. McAllister*, 107 Wis. 2d 532, 538, 319 N.W.2d 865, 868 (1982), the prior conviction is an essential element of proof to be satisfied at sentencing *if the State is to secure the additional punishment it seeks. See id.* at 537, 319 N.W.2d at 868.

Therefore, absent a proper admission, the State is properly charged with proving not only the prior conviction but also that the conviction falls within the five-year window of § 939.62(2), STATS. And where, as here, a defendant's "admission" leaves it uncertain whether the prior conviction falls within or without the five-year period, we must look to whether the other proofs satisfy this requirement. Here, such other proofs are

---

[3] At one point in its respondent's brief, the State characterizes Goldstein's answer as "acknowledging ten months of imprisonment."

[4] This is especially so in this case where Goldstein's mental health and competency to proceed were paramount considerations throughout the proceedings.

nonexistent. We conclude that the five-year requirement of § 973.12(2), STATS., was not met in this case.

## *CONCLUSION*

In recent times, this court has seen a substantial number of cases involving pleading and proof issues under the repeater statute. We are aware of the heavy burdens and caseloads confronting prosecutors. However, correctly pleading and proving a prior conviction for purposes of obtaining an enhanced sentence does not strike us as a particularly onerous or complicated prosecutorial task.

One simple and direct question to the defendant from either the prosecutor or the trial judge asking whether the defendant admits to the repeater allegation will, in most cases, resolve the issue. We suggest that trial judges include this question in their colloquy with the defendants at the plea hearing (if there is one) or, otherwise, at the time of sentencing. If the defendant denies the allegation or stands mute, the State should provide evidence of the prior conviction via any of the alternative forms of proof contemplated under § 973.12(1), STATS.

While both the supreme court, *see Farr*, 119 Wis. 2d at 659-60, 350 N.W.2d at 645, and this court, *see State v. Coolidge*, 173 Wis. 2d 783, 795-96, 496 N.W.2d 701, 707-08 (Ct. App. 1993), have offered these suggestions in prior cases, we again in this case urge the adoption of these practices by trial courts and prosecutors. These procedures will reduce the number of postconviction challenges, including appeals, to enhanced sentences. More importantly, these procedures will assure that enhanced sentences are based on convictions that actually exist and which otherwise qualify under the repeater statute.

261

We reverse the enhanced sentencing provisions of the judgment and the order denying postconviction relief. We commute Goldstein's sentences to the maximums permitted for the two offenses of which he stands convicted. We remand with instructions that the trial court enter an amended judgment in accord with this decision. All other provisions of the judgment are affirmed. *See State v. Wilks*, 165 Wis. 2d 102, 112-13, 477 N.W.2d 632, 637 (Ct. App. 1991).

*By the Court.*—Judgment and order reversed and cause remanded with directions.