Charles A. MIKRUT, Petitioner-Respondent,†

v.

STATE of Wisconsin, Respondent-Appellant.

Court of Appeals

*No. 96–2703. Submitted on briefs May 9, 1997.—Decided August 13, 1997.*

(Also reported in 569 N.W.2d 765.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Peter DeWind* of *Legal Assistance to Institutionalized Persons Project* of Madison.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

NETTESHEIM, J.   In the trial court, Charles A. Mikrut challenged the repeater portion of his sentences by a habeas corpus action. Relying on an amended judgment of conviction which recited his prior conviction as of the date of his plea of no contest instead of the date the judgment of conviction was entered, Mikrut contended that the prior conviction fell outside the five-year period set out in § 939.62(2), STATS. The trial court agreed and entered an order commuting Mikrut's sentences from eleven years to three years.

The State appeals, raising various procedural challenges and one substantive challenge to the trial court's order. We reject the procedural challenges, but we agree with the substantive challenge. We hold that the amended judgment of conviction upon which Mikrut bases his argument is invalid. We reverse the order commuting the sentences.

The facts and procedural history of this case are somewhat involved. However, it will assist the reader to bear in mind Mikrut's core contention—for purposes of the repeater law, the prior conviction is measured from the date of the finding of guilt, not the date the judgment of conviction is entered.

We begin with the convictions which form the basis of Mikrut's repeater status. Mikrut's repeater status was based on two judgments of conviction entered against him on April 3, 1986. One judgment, case No. 85-CF–240, recited a conviction for possession of a short-barrelled shotgun. The other judgment, case No. 85-CF–194, recited a conviction for party to the crime of possession of cocaine with intent to deliver.[1] These judgments were the result of Mikrut's pleas of no contest on February 25, 1986, followed by his sentencing on April 3, 1986. Mikrut was sentenced to a total of five years on these convictions. Judge David Bastianelli conducted the proceedings in these matters.

Next, we address the convictions in this case. Mikrut was charged with second-degree reckless endangerment, false imprisonment, disorderly conduct and obstructing an officer. However, he was charged as a repeater only with regard to the disorderly conduct and obstructing charges. A defendant is a repeater if he or she has been convicted of a felony during the five-year period immediately preceding the commission of the crime underlying the present charge. *See*

---

[1] The judgment of conviction for the delivery charge was signed on May 2, 1986, but was effective nunc pro tunc to April 3, 1986, since the latter date was the date when Mikrut was sentenced on the two matters.

§ 939.62(2), STATS. However, time spent in confinement while serving a sentence is excluded from this five-year period. *See id.* Because Mikrut was in custody serving his sentences on the prior convictions before committing the instant offenses, this "in custody" time was excluded from the five-year period. Thus, the State charged Mikrut as a repeater.

On February 28, 1994, judgments of conviction were entered against Mikrut on all of the charges in this case. On the disorderly conduct and obstructing convictions, Mikrut was sentenced as a repeater to two consecutive three-year terms, for a total of six years. On the reckless endangerment conviction, Mikrut was sentenced to a consecutive five-year term. This placed his total confinement at eleven years. On the false imprisonment conviction, Mikrut was sentenced to a consecutive, but stayed, eight-year sentence. Judge Bruce Schroeder conducted the proceedings in this case.

Mikrut appealed the repeater portion of the sentences imposed by Judge Schroeder. As one of his appellate issues, he argued that the date of conviction for the prior offenses should be measured from the date he was adjudged guilty based upon his no contest pleas, rather than from the date of the judgment of conviction when he was sentenced. Under Mikrut's computation method, his prior convictions would have fallen outside the five-year window set out in § 939.62(2), STATS. We rejected this argument and summarily affirmed Judge Schroeder's sentences. *See State v. Mikrut,* Nos. 94–2330-CR & 94–2331-CR, unpublished slip op. (Wis. Ct. App. May 3, 1995).

Following our decision, Mikrut wrote a letter to the Clerk of Courts for Kenosha County requesting the clerk to correct an error in the judgment of conviction

in case No. 85-CF–240. Mikrut said that the correct date of his conviction was February 25, 1986, the date on which he was adjudged guilty in that case, not April 3, 1986, the date he was sentenced and the date the judgment of conviction was entered.[2] This, of course, was the same argument which we had rejected in Mikrut's appeal.

In response, a deputy clerk prepared and signed an amended judgment of conviction correcting the original judgment per Mikrut's request. The amended judgment recited the following:

> It is adjudged that the defendant is convicted on 2/25/86 as found guilty and . . . on April 3, 1986, is sentenced to prison for 2 years.

The deputy clerk signed the amended judgment on August 15, 1995, nunc pro tunc to April 3, 1986. This amended judgment of conviction in case No. 85-CF–240 placed Mikrut's subsequent conviction outside of the five-year period even after excluding Mikrut's custody time under the sentences. *See* § 939.62(2), STATS. Thus, Mikrut accomplished via the amended judgment what he had failed to accomplish in his appeal.

Armed with this amended judgment of conviction, Mikrut filed another motion with Judge Schroeder again challenging the repeater portion of his sentence.

---

[2] Actually, the judgment of conviction in case No. 85-CF–240 does not recite that Mikrut was adjudged guilty on February 25, 1986. Rather, the judgment is silent on that matter. However, the judgment of conviction in the companion matter, case No. 85-CF–194, does recite that Mikrut was adjudged guilty on that date. Since it appears that the two cases were adjudicated at the same time by the same judge and since the State does not contend otherwise, we accept Mikrut's statement in this regard.

Judge Schroeder denied the motion, citing to our previous decision.

That brings us to the instant appeal. Pro se, Mikrut next filed a petition for habeas corpus. The matter was assigned to Judge Schroeder who declined to hear the petition noting that it was a habeas action which challenged his sentences. Judge Schroeder directed that the matter be referred to the civil division. Thus, the matter was assigned to Judge Michael Fisher. It is Judge Fisher's ruling which we review in this case.

Judge Fisher agreed with Mikrut's argument. Relying on the amended judgment of conviction issued by the Kenosha county deputy clerk, Judge Fisher commuted Mikrut's sentences from eleven years to three years. In a document entitled "Final Order" entered on August 26, 1996, Judge Fisher ruled that Mikrut "was improperly sentenced in [the instant cases] as a repeater due to incorrect dates of conviction entered in the judgments of conviction in Kenosha County Case Nos. 85-CF–194 and 85-CF–240." The State appeals.

## DISCUSSION

We begin by addressing the State's threshold procedural challenges to Mikrut's habeas corpus petition.

The State first contends that Mikrut is not entitled to habeas corpus relief because Judge Fisher did not have jurisdiction over the matter and that Mikrut had other available remedies, specifically an appeal of Judge Schroeder's rejection of his prior motion. When the State made these arguments to Judge Fisher, the judge responded that he saw the issue as not one of "illegal detention but one of improper sentence." We

865

read this remark to mean that Judge Fisher was not construing Mikrut's pleading as one for habeas relief, but rather as a motion for correction of an improperly enhanced repeater sentence. We agree with Judge Fisher that correction of an improperly enhanced sentence does not require habeas corpus relief. This court has reviewed numerous challenges to enhanced sentences under the repeater statute. None have utilized habeas corpus as the mechanism for relief.

We take further note that, although Mikrut was represented by counsel at the proceedings before Judge Fisher, he filed his petition pro se. Courts are instructed to look to the substance rather than the label of a pro se pleading in order to determine if the petitioner may be entitled to relief. *See bin-Rilla v. Israel*, 113 Wis. 2d 514, 521, 335 N.W.2d 384, 388 (1983). We conclude that Judge Fisher properly construed Mikrut's pleading under this standard.

Since Judge Fisher did not construe Mikrut's pleading as a habeas corpus action, we reject the State's arguments that Mikrut was not entitled to habeas relief.

Next, the State contends that our previous decision in the prior appeal barred Mikrut's action on grounds of issue preclusion or law of the case. We acknowledge that Mikrut's legal argument in this case is the same which we rejected in the prior appeal. There we held, "We cannot agree that the five-year period is to be measured from the date upon which Mikrut was found guilty." *Mikrut*, unpublished slip op. at 2. However, the facts upon which Mikrut bases his current argument are different since he now is armed with the amended judgment of conviction which he

obtained from the deputy clerk. Thus, the facts are changed and our prior opinion does not govern the present circumstance.

Thus, we turn to the substantive issue—whether for purposes of repeater law the prior conviction is measured from February 25, 1986, the date when Mikrut pled no contest and the court found him guilty, or from April 3, 1996, the date of the judgment of conviction when Mikrut was sentenced.

The State first contends that the amended judgment of conviction is of no legal effect because it was entered sua sponte by a deputy clerk of court. Because the appellate record did not reveal whether this action was taken sua sponte or as the result of a hearing or directive of a circuit court, we instructed the parties to provide us with any information from the trial court records on this question. The parties responded with a stipulation which provided copies of various documents, most of which were already in the record. The stipulation further stated, "The attached documents are the only material known to exist of record relative to the petitioner's efforts to amend the judgment in case no. 85-CF–240 . . . ."

██

There is nothing in the materials submitted by the parties or the appellate record in this case which indicates that Mikrut's request for the amended judgment was ever addressed at any hearing or otherwise considered by any judge. Section 806.06(1)(a), STATS., states that "[a] judgment is rendered by the court when it is signed by the judge or by the clerk *at the judge's written direction*." (Emphasis added.) "In Wisconsin, the acts of a clerk of court are ministerial and clerical, and the clerk may not exercise judicial power except in accordance with the strict

language of a statute conferring such power." *State v. Johnston*, 133 Wis. 2d 261, 265, 394 N.W.2d 915, 917 (Ct. App. 1986). Here, the deputy clerk made a judicial decision to amend a judgment which altered a date of conviction. Since the action was not directed by any judge, that action was void and of no legal effect.[3]

Moreover, even if the amended judgment had judicial sanction, it would constitute error. The amended judgment states, "It is adjudged that the defendant is convicted on 2/25/86 as found guilty . . . ." Our supreme court has observed that: The

> term "conviction" is used in common language, and sometimes in the statutes, in two different senses. "In its most common use it signifies the finding of the jury that the person is guilty, but it is frequently used as implying a judgment and sentence of the court upon a verdict or confession of guilt."

*Davis v. State,* 134 Wis. 632, 638, 115 N.W. 150, 153 (1908) (quoted source omitted).

We acknowledge that § 972.13(1), STATS., states that "[a] judgment of conviction shall be entered upon a verdict of guilty by the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or no contest." However, subsec. (3) of this statute sets out what a judgment of conviction must recite: "A judgment of conviction shall set forth the plea, the verdict or finding, the adjudication and sentence . . . ."

---

[3] Besides issuing the amended judgment, the deputy clerk also signed it on August 15, 1995, and made it effective "nunc pro tunc" to April 3, 1986. This "nunc pro tunc" provision is also of no legal effect. Whether a judgment should be entered nunc pro tunc is addressed to *the trial court's discretion. See State ex rel. Attorney Gen. v. Northern Pac. R.R. Co.*, 157 Wis. 73, 103–04, 147 N.W. 219, 231 (1914).

Section 972.13(3). Obviously, a judgment of conviction cannot be entered until these events have occurred. Indeed, subsec. (6) of the statute sets out a model form for a judgment of conviction and it includes all of the provisions required by subsec. (3). *See* § 972.13(6), STATS.

Reading all of the subsections of § 972.13, STATS., in context and in harmony, we conclude that: (1) § 972.13(1) authorizes and directs the entry of a judgment of conviction if a jury or court finds a defendant guilty following a trial or if the defendant has pled guilty or no contest; (2) § 972.13(3) recites what a judgment of conviction must include; and (3) § 972.13(6) sets out a model judgment of conviction form. Thus, a valid judgment of conviction cannot be entered against a defendant until all of these necessary ingredients exist. The amended judgment of conviction in case No. 85-CF–240 attempts to recite a judgment of conviction against Mikrut based upon his plea alone. As our analysis of the statute reveals, this is impossible. Therefore, even if the amended judgment were judicially sanctioned, it was incorrect. The original judgment was the correct and controlling judgment.

Mikrut cites to *State v. Wimmer*, 152 Wis. 2d 654, 664, 449 N.W.2d 621, 625 (Ct. App. 1989), for the proposition that once a guilty plea is accepted by the court on the prior charge, this is sufficient to constitute a conviction for purposes of the repeater statute. However, as we explained in our prior opinion, the application of *Wimmer* is limited to those situations in which the judgment of conviction has not yet been prepared. *See Mikrut,* unpublished slip op. at 3. We relied on a post-*Wimmer* case, *State v. Goldstein*, 182 Wis. 2d 251, 258–59, 513 N.W.2d 631, 634–35 (Ct. App.

1994), in which the court determined that when a formal conviction has been entered, *Wimmer* does not apply. Once the defendant has been formally convicted, the court need not look at the date of the finding of guilt. *See Goldstein,* 182 Wis. 2d at 258–59, 513 N.W.2d at 634–35. The formal conviction, once entered, is controlling for purposes of the repeater statute. *See id.* at 258, 513 N.W.2d at 634.

■

Here, the original judgment of conviction in case No. 85-CF–240 had been prepared nearly eight years earlier. Thus, the *Wimmer* exception does not apply. Therefore, Judge Schroeder's sentencing in this case properly utilized April 3, 1986, as the correct date of the judgment of conviction in case No. 85-CF–240. That was the date Judge Bastianelli sentenced Mikrut, made all of the judicial pronouncements required by § 972.13 STATS., and entered the judgment of conviction against Mikrut.

On this additional ground, we reverse the order.

CONCLUSION

In sum, we hold that the amended judgment of conviction in case No. 85-CF–240 issued by the deputy clerk was of no legal effect. We further hold that the amended judgment incorrectly recites the date of Mikrut's conviction. The original judgment controls.

*By the Court.*—Order reversed.