STATE of Wisconsin, Plaintiff-Respondent,

v.

Razzie WATSON, Sr., Defendant-Appellant.††

Court of Appeals

*No. 01–2674–CR. Submitted on briefs April 17, 2002.—Decided August 15, 2002.*

2002 WI App 247

(Also reported in 653 N.W.2d 520.)

†† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Dennis Schertz* of *Schertz Law Office*, Hudson.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher G. Wren*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. DYKMAN, J. Razzie Watson appeals from a judgment convicting him of substantial battery as a repeater, and from an order denying his postconviction motion. Watson argues that his sentence enhancement as a repeater should be vacated because: (1) he never admitted nor did the State prove that he had been previously convicted of a felony; or, alternatively (2) he was not a repeater because he had not been previously "convicted" of a crime within the meaning of WIS. STAT. § 939.62(2) (1997–98)[1] when he committed the substantial battery. We conclude that Watson admitted a prior felony conviction and that he had in fact been previously "convicted" when he committed the substantial battery. Accordingly, we affirm.[2]

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[2] The State also argues in one sentence that it proved Watson's prior felony conviction for felon in possession by attaching a copy of the judgment of conviction to a motion to impeach, even though the copy was never presented at either the plea or sentencing hearing. Because we have concluded that Watson admitted a prior conviction, we do not determine

¶ 2. On May 22, 1997, the State charged Razzie Watson with substantial battery, false imprisonment, intimidation of a victim, and two counts of bail jumping. Pursuant to a plea agreement, Watson pleaded guilty to Count One of the information, substantial battery as a repeater. All other charges pending against Watson were dismissed. The circuit court convicted Watson and sentenced him to ten years in prison. Watson appeals.

¶ 3. Watson first contends that the State never proved nor did he admit that he was previously convicted of a felony or three misdemeanors, as is required by WIS. STAT. § 973.12(1) to obtain a sentence enhancement for being a repeater. Whether the State satisfied the requirements of § 973.12(1) is a question of law that we review de novo. *See State v. Theriault*, 187 Wis. 2d 125, 131, 522 N.W.2d 254 (Ct. App. 1994). We conclude that Watson admitted to a prior felony conviction.

¶ 4. At the plea hearing, the circuit court informed Watson, "[B]ecause you are a repeater as that term is defined in Wisconsin Statutes Section 939.62(2), the maximum term of imprisonment may be increased by not more than six years . . . ." The court also asked Watson, "Do you also understand that the maximum possible penalty you are facing is a total of eleven years in prison?" and "[D]o you also understand . . . that you are a repeater as that term is defined in the Wisconsin Statutes?" Watson answered, "Yes, sir" to both questions.

██

¶ 5. An admission from a defendant stating, "I am a repeater," without more, is insufficient to constitute an admission of a prior conviction under WIS.

whether this would be sufficient to "prove" the previous conviction under WIS. STAT. § 973.12(1).

STAT. § 973.12(1). As the circuit court indicated in its colloquy, "repeater" and "habitual offender" are legal, not factual terms, and a defendant may not be aware of what he or she is admitting. *Cf. State v. Collins*, 2002 WI App 177, ¶¶ 12–13, 256 Wis. 2d 697, 649 N.W.2d 325 (holding that admission the defendant is a repeater is insufficient to show that out-of-state convictions are "comparable" to a Wisconsin "serious felony" under WIS. STAT. § 939.62(2m)). *See also State v. Farr*, 119 Wis. 2d 651, 659, 350 N.W.2d 640 (1984) (stating that defendant's admission "may not by statute be inferred"); *State v. Zimmerman*, 185 Wis. 2d 549, 557, 518 N.W.2d 303 (Ct. App. 1994) (holding that admission by defendant must make reference to the date of conviction and periods of incarceration if conviction is more than five years old).

¶ 6. However, *State v. Liebnitz*, 231 Wis. 2d 272, 288, 603 N.W.2d 208 (1999), directs us to consider "the totality of the record." The complaint against Watson alleges that he is a repeater and that he "pleaded guilty on May 9, 1997, to felon in possession of a firearm in case no. 96–CF–713 before Judge Montabon."[3] This allegation includes both the nature and the date of the prior conviction and put Watson on notice that the State was seeking a repeater charge and that this charge was based, at least in part, on the felon in possession allegation.[4] We therefore conclude that the plea hearing colloquy, in which the circuit court explained the effect

---

[3] Possession of a firearm by a felon was a Class E felony. *See* WIS. STAT. § 941.29(2) (1995–96).

[4] Although the information also alleges that Watson is a repeater, it omits the factual details regarding the nature and date of the prior conviction. Watson, however, points to no authority that would require the facts to be in both documents.

of Watson's admission, together with the complaint, which alleged the nature and date of Watson's previous conviction, establishes that Watson "fully understood the nature of the repeater charge." *Id.* at 275.

¶ 7. We disagree with Watson that because the complaint alleges that he pleaded guilty to the felon in possession offense, rather than that he was convicted of it, the sentence enhancement cannot be sustained. The instances in which the circuit court does not accept a defendant's guilty plea and enter a judgment of conviction are exceedingly rare. In the very few instances that this might occur, we have little doubt that a defendant or the defendant's attorney would bring this to the attention of the court. Because Watson has never claimed that his guilty plea for felon in possession was not accepted, however, we conclude that the allegation that Watson pleaded guilty was sufficient to establish his conviction of the prior offense.

■

¶ 8. Although we conclude that Watson admitted a prior conviction for purposes of repeater enhancement, we encourage prosecutors seeking a repeater sentence enhancement to either: (1) seek an oral admission from the defendant at the plea or sentencing hearing that he or she was convicted of a particular

Although *State v. Fields*, 2001 WI App 297, ¶ 8, 249 Wis. 2d 292, 638 N.W.2d 897, holds that a defendant pleads to the information rather than the complaint, *Fields* does not require the information to allege specific facts if they are already in the complaint. Further, Wis. Stat. § 973.12(1) permits the repeater allegation to be included in either the complaint *or* the information. We conclude that so long as the two documents are not factually inconsistent with each other, the defendant is put on sufficient notice if either the complaint or the information alleges the necessary factual background.

crime on a particular date; or (2) present at the hearing a certified copy of a judgment of conviction. As we have noted before, these are the best (and simplest) ways to insure that the sentence enhancement will be sustained on appeal. *See Farr*, 119 Wis. 2d at 659–60; *State v. Goldstein*, 182 Wis. 2d 251, 261, 513 N.W.2d 631 (Ct. App. 1994); *State v. Coolidge*, 173 Wis. 2d 783, 795–96, 496 N.W.2d 701 (Ct. App. 1993); *see also State v. Saunders*, 2002 WI 107, ¶ 55, 255 Wis. 2d 589, 649 N.W.2d 263 ("strongly urg[ing] prosecutors to acquire certified copies of judgments to avoid unnecessary proof problems").

¶ 9. Watson also argues that, even if he admitted to being a repeater, he was not in fact a repeater because the judgment of conviction for the felon in possession charge was entered *after* he committed the present offense. The resolution of this question requires interpretation of WIS. STAT. § 939.62(2), a question of law that we review de novo. *See Theriault*, 187 Wis. 2d at 131.

¶ 10. WISCONSIN STAT. § 939.62(2) provides in part: "The actor is a repeater if the actor was convicted of a felony during the 5–year period immediately preceding the commission of the crime for which the actor presently is being sentenced . . . ." According to the information, Watson committed the present offense, substantial battery, on May 20, 1997. Therefore, Watson would qualify as a repeater if he was "convicted of a felony" during the five-year period immediately preceding May 20, 1997. Watson entered a guilty plea to felon in possession of a firearm, which was accepted by the circuit court on May 9, 1997. However, because the written judgment of conviction for the felon in possession charge is dated July 23, 1997, Watson argues that

he had not yet been "convicted" of a felony when he committed the substantial battery.

■

¶ 11. We agree with the circuit court that this issue was resolved in *State v. Wimmer*, 152 Wis. 2d 654, 449 N.W.2d 621 (Ct. App. 1989). In *Wimmer*, the circuit court accepted David Wimmer's guilty plea for two counts of battery and one count of resisting arrest on August 23, 1988. *Id.* at 656–57. The following day, Wimmer committed another battery and was charged as a repeater. *Id.* at 657. Wimmer argued that because no judgment of conviction regarding the previous crimes had been entered when he committed the subsequent battery, he had not been "convicted" within the meaning of Wis. Stat. § 939.62(2). *Id.* at 656. We held: "[O]nce the court has accepted a guilty plea or verdict, the 'conviction' becomes sufficiently final to trigger the operation of the repeater statute." *Id.* at 664. Subsequent cases have interpreted *Wimmer* as broadly holding that "conviction occurs upon adjudication of guilt." *State v. Smet*, 186 Wis. 2d 24, 30, 519 N.W.2d 697 (Ct. App. 1994); *see also State v. Trudeau*, 157 Wis. 2d 51, 54, 458 N.W.2d 383 (Ct. App. 1990).

¶ 12. Watson nevertheless contends that "conviction" only means "adjudication of guilt" in the absence of a judgment of conviction. He relies on *Mikrut v. State*, 212 Wis. 2d 859, 569 N.W.2d 765 (Ct. App. 1997), and *Goldstein*, 182 Wis. 2d 251. Both *Mikrut* and *Goldstein* interpreted *Wimmer* as applying only when no judgment of conviction has yet been entered. *Mikrut*, 212 Wis. 2d at 870 ("The formal conviction, once entered, is controlling for purposes of the repeater statute."); *Goldstein*, 182 Wis. 2d at 258 ("However, *Wimmer* does not apply in a case such as this where a formal conviction has been entered."). Seizing upon this language, Watson

contends that because a judgment of conviction *had* been entered for the felon in possession charge by the time he was sentenced for the substantial battery, the date of the judgment, not the date of the adjudication of guilt, should determine whether he could be sentenced as a repeater.

¶ 13. First, we do not view *Mikrut* and *Goldstein* as controlling because those cases were concerned only with whether a conviction fell within the five-year time limit and not with whether the defendant had been "convicted." The court in *Goldstein* explained:

> Although *Wimmer* focuses on the significance of the dates of the guilt finding versus the date of [the judgment of] conviction, the critical issue in *Wimmer* was not the date of the controlling event; rather, the issue was whether a finding of guilt (regardless of its date) could constitute a conviction for purposes of the repeater statute.

*Goldstein*, 182 Wis. 2d at 258 (emphasis omitted). Like *Wimmer*, and unlike *Mikrut* and *Goldstein*, the issue in the case before us is whether Watson had been "convicted" of possessing a firearm as a felon for the purpose of applying WIS. STAT. § 939.62 after he was found guilty of that crime but before the judgment of conviction was entered. In accordance with *Wimmer*, we conclude that he was.

¶ 14. Furthermore, accepting Watson's interpretation of *Wimmer*, *Mikrut*, and *Goldstein* would create an absurd result. Under Watson's view, he was a repeater when the State *charged* him with substantial battery (because he had been adjudged guilty but no judgment of conviction had yet been entered in the felon in possession case), but he was not a repeater when the court *sentenced* him for the substantial battery charge (because by then he had been sentenced and

a judgment of conviction had been entered for felon in possession). This could not have been the intention of the legislature in enacting WIS. STAT. § 939.62(2) or the court in *Wimmer* in interpreting that statute. We therefore reject Watson's argument that he was not convicted of felon in possession until the court entered the judgment of conviction, and we conclude that Watson was properly sentenced as a repeater.[5]

*By the Court.*—Judgment and order affirmed.

[5] We acknowledge that the interpretation of WIS. STAT. § 939.62(2) in *State v. Wimmer*, 152 Wis. 2d 654, 449 N.W.2d 621 (Ct. App. 1989), combined with the interpretation in *Mikrut v. State*, 212 Wis. 2d 859, 569 N.W.2d 765 (Ct. App. 1997), and *State v. Goldstein*, 182 Wis. 2d 251, 513 N.W.2d 631 (Ct. App. 1994), could potentially expand the five-year time limit in § 939.62(2) to more than five years. This is because under *Wimmer*, § 939.62(2) applies after the date of an adjudication of guilt, but under *Mikrut* and *Goldstein*, the time limit for § 939.62(2) does not expire until five years after the date of the judgment of conviction. The facts of the present case do not require that we address this potential conflict and we decline to do so here.