COURT OF APPEALS
DECISION
DATED AND FILED

May 10, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP778-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2011CF671

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TIMOTHY L. FINLEY, JR.,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Brown County: TIMOTHY A. HINKFUSS, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Timothy L. Finley, Jr., pro se, appeals from an order denying his postconviction motion to vacate allegedly excessive sentences.

Finley pled guilty to, and was sentenced for, one count of substantial battery and one count of strangulation and suffocation, both counts as acts of domestic abuse and as a repeater. Finley now argues that his sentences on those counts were excessive because he "never admitted to being a repeater," nor did he admit that the prior offenses alleged in the Information, which served as the basis for the repeater enhancers, occurred within the five-year time period immediately preceding the commission of the crimes at issue in this case. We reject these arguments and affirm.

## BACKGROUND

¶2      The following facts are undisputed for purposes of this appeal. On June 27, 2011, the State filed an Information charging Finley with four crimes: first-degree reckless endangerment, by use of a dangerous weapon (Count 1); substantial battery (Count 2); strangulation and suffocation (Count 3); and false imprisonment (Count 4). The charges arose from allegations that Finley had beaten, strangled, and threatened his live-in girlfriend with a knife on June 5, 2011.

¶3      Each count in the Information was charged as an act of domestic abuse under WIS. STAT. § 968.075 (2019-20),[1] and as a repeat offender under WIS. STAT. § 939.62. With respect to the repeater enhancers, the Information alleged as to each count that Finley had "been convicted of Possession of Cocaine—Subsequent Offender and Possession of THC—Subsequent Offender, Felonies, on

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted. The relevant statutes have not changed since 2011 in any way that is material to this appeal.

September 12, 2008 in Brown County Case No. 08CF41, which conviction(s) remain of record and unreversed." Based on those prior convictions, the Information alleged that under § 939.62(1)(c), the maximum term of imprisonment on Count 1 could "be increased by not more than 6 years." The Information further alleged that under § 939.62(1)(b), the maximum terms of imprisonment on Counts 2, 3 and 4 could "be increased by not more than 4 years."

¶4      On June 25, 2012, Finley entered a no-contest plea to Count 1 of the Information. However, both the circuit court and the Plea Questionnaire/Waiver of Rights form incorrectly advised Finley of the maximum penalty for that offense. *See State v. Finley*, 2016 WI 63, ¶¶28-32, 370 Wis. 2d 402, 882 N.W.2d 761. As a result, our supreme court ultimately determined that Finley should be permitted to withdraw his no-contest plea. *Id.*, ¶96.

¶5      During a subsequent plea hearing on January 24, 2018, Finley entered guilty pleas to Counts 2 and 3 of the Information: substantial battery, as a repeater and as an act of domestic abuse; and strangulation and suffocation, as a repeater and as an act of domestic abuse. During the plea colloquy, Finley confirmed, as a general matter, that he had reviewed the elements of the charges with his attorney and understood the charges to which he was pleading. The circuit court then reviewed the elements of Counts 2 and 3 with Finley and expressly addressed the application of the repeater enhancers to those counts.

¶6      Specifically, with respect to Count 2, the circuit court stated: "Now we have a repeater. And what it says here is that you were convicted of possession of cocaine; second and subsequent offender and possession of THC, second and subsequent offender, both felonies, on September 12, 2008 in

3

Brown County Case No. 08 CF 41, is that accurate?" Finley responded, "Yes, Your Honor." Addressing Count 3, the court then stated:

> Then on Count No. 3, strangulation and suffocation repeater, domestic abuse, the repeater allegation is the same. And that is you agree you were convicted of possession of cocaine—excuse me, subsequent offender and possession of THC, subsequent offender, both felonies, on September 12, 2008 in Brown County Wisconsin file 08 CF 41?

Finley again responded, "Yes, Your Honor."

¶7 The circuit court then stated, "Now, because these are repeaters it adds four years on Count 2 and 4 years on Count No. 3. Do you understand that?" Finley responded, "Yes, Your Honor." The court continued:

> I am looking also at [WIS. STAT. §] 939.62, increased penalty for habitual criminality. And this would be under Section (1)(b) it reads: That a maximum term of imprisonment of more than one year but not more than ten years—that's what Counts 2 and 3 are—may be increased by not more than two years if the prior conviction[s] were for misdemeanors; and by not more than four years if the prior conviction was for a felony.
>
> In this case they're felonies. So we have four years. Do you understand that?

Finley responded, "Yes, I do." The court subsequently informed Finley of the maximum penalties that he faced upon conviction for Counts 2 and 3. In doing so, the court reiterated that Finley was being sentenced as a repeater under § 939.62(1)(b), which increased the maximum term of imprisonment for each count by not more than four years. Finley confirmed that he understood that information.

¶8      The circuit court ultimately imposed the maximum sentences on Counts 2 and 3, to be served consecutively.  Together, Finley's sentences totaled twelve years and six months of initial confinement, followed by five years of extended supervision.

¶9      On February 10, 2021, Finley filed a pro se "Notice/Motion for Court to Vacate Excessive Sentence."  In the motion, Finley alleged that he "did not give a direct and specific admission to facts necessary to establish the habitual criminality enhancer and that the State failed to adequately prove the prior convictions occurred within the 5 year[s] preceding [the] commission of the crime for which he was being sentenced."  Finley therefore asked the circuit court to vacate the portions of his sentences that were attributable to the repeater enhancers.

¶10     The circuit court denied Finley's motion.  The court noted that Finley had admitted during the plea hearing that "he was convicted of the two offenses in 08-CF-41."  The court reasoned, "If one does the math, 08-CF-41 and this file number, 11-CF-671, is within the five-year period.  Certainly, the Court can impute the five-year period based upon the defendant's admission to 08-CF-41."  The court further concluded that *State v. Zimmerman*, 185 Wis. 2d 549, 518 N.W.2d 303 (Ct. App. 1994), the principal case on which Finley relied, was distinguishable.  The court also explained that, during the plea hearing, it "expressly drew [Finley's] attention to the repeater charge and to the fact that the penalties [Finley] was facing might be enhanced as a result of [Finley] being found guilty pursuant to his … plea."  The court therefore stated that this case was "more similar to" *State v. Rachwal*, 159 Wis. 2d 494, 465 N.W.2d 490 (1991), in that there was "no confusion" during the plea hearing and Finley "did[] plead to the repeater charges."  Finley now appeals.

**DISCUSSION**

¶11 "The question of whether penalties based on a defendant's repeater status were properly applied involves the application of WIS. STAT. § 973.12(1) to a set of undisputed facts." ***State v. Saunders***, 2002 WI 107, ¶15, 255 Wis. 2d 589, 649 N.W.2d 263. This inquiry presents a question of law that we review independently. ***Id.***

¶12 WISCONSIN STAT. § 939.62(1) allows for an increase in the maximum term of imprisonment for most crimes for which imprisonment may be imposed if the defendant is a "repeater." As relevant here, the statute defines a "repeater" as a person who "was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which the actor presently is being sentenced," if the conviction "remain[s] of record and unreversed." Sec. 939.62(2).

¶13 Before a defendant may be sentenced as a repeater under WIS. STAT. § 939.62, the defendant's "repeater status must be established before the circuit court." ***Saunders***, 255 Wis. 2d 589, ¶19. Under WIS. STAT. § 973.12(1), a defendant may be sentenced as a repeater only if: "(1) the defendant personally admits to qualifying prior convictions, or (2) the existence of qualifying prior convictions is proved by the state." ***Saunders***, 255 Wis. 2d 589, ¶19 (citing § 973.12(1)). In this case, it is undisputed that the State did not prove the existence of any qualifying prior convictions. Instead, the issue is whether Finley personally admitted to such prior convictions.

¶14 Finley contends that he did not make any such admission. Finley concedes that the circuit court asked him about the prior convictions set forth in the Information during the plea colloquy. He asserts, however, that in response to

6

the court's questions, he merely admitted that the Information *alleged* he had been convicted of two felony offenses in 2008. He contends he never admitted that the allegations in the Information regarding his prior convictions were correct. Finley therefore denies that he made "any direct admission to being a repeater."

¶15 This argument fails for two reasons. First, when addressing the repeater allegation with respect to Count 3 during the plea colloquy, the circuit court asked Finley, "And that is *you agree you were convicted of* possession of cocaine—excuse me, subsequent offender and possession of THC, subsequent offender, both felonies, on September 12, 2008 in Brown County Wisconsin file 08 CF 41?" (Emphasis added.) Finley responded, "Yes, Your Honor." Thus, Finley expressly "agree[d]" during the plea colloquy that he had been "convicted" of two felony offenses on September 12, 2008. The record therefore belies Finley's claim that he merely admitted that the Information *alleged* he had committed those offenses.

¶16 Second, it is well established that "a defendant's plea to a charge containing the repeater enhancer may constitute an admission to the prior convictions necessary to apply that enhancer." *State v. Hill*, 2016 WI App 29, ¶13, 368 Wis. 2d 243, 878 N.W.2d 709. We consider "the totality of the record" when determining whether a defendant's plea constitutes an admission to the necessary qualifying convictions. *See State v. Watson*, 2002 WI App 247, ¶6, 257 Wis. 2d 679, 653 N.W.2d 520 (citation omitted).

¶17 Our supreme court's decision in *Rachwal* is instructive. There, the defendant pled no contest to a misdemeanor charge, as a repeater. *Rachwal*, 159 Wis. 2d at 502-03. The complaint alleged that the defendant had been convicted of four other misdemeanors within the preceding five years. *Id.* at 500; *see also*

7

WIS. STAT. § 939.62(2). During the plea colloquy, the circuit court did not expressly ask the defendant whether the prior convictions existed, nor did the defendant specifically acknowledge the prior convictions. *Rachwal*, 159 Wis. 2d at 504. However, the court drew the defendant's attention to the repeater provision in the complaint and advised him of the enhanced penalty that he faced as a result of that provision. *Id.* at 502-03. The defendant confirmed that he understood the enhanced penalty. *Id.* at 503. Under those circumstances, our supreme court concluded the defendant had made a "direct and specific" admission to the prior convictions underlying the repeater allegation. *Id.* at 509.

¶18 This court subsequently addressed a similar situation in *Watson*. There, the defendant pled guilty to substantial battery, as a repeater. *Watson*, 257 Wis. 2d 679, ¶2. At the plea hearing, the circuit court did not specifically ask the defendant whether he had been convicted of the prior offense alleged in the complaint. *Id.*, ¶4. However, the defendant affirmed during the plea colloquy that he understood he was a "repeater" and therefore faced an enhanced maximum sentence. *Id.* In addition, the complaint—which alleged that the defendant had pled guilty to being a felon in possession of a firearm on a particular date—"put [the defendant] on notice that the State was seeking a repeater charge and that this charge was based, at least in part, on the felon in possession allegation." *Id.*, ¶6. We concluded "that the plea hearing colloquy, in which the circuit court explained the effect of [the defendant's] admission, together with the complaint, which alleged the nature and date of [the] previous conviction, establishe[d] that [the defendant] 'fully understood the nature of the repeater charge.'" *Id.* (citation omitted).

¶19 In this case, as in *Rachwal* and *Watson*, the Information included the nature and date of Finley's prior convictions and put Finley on notice that the State

8

was seeking enhanced sentences based on those convictions. The circuit court also drew Finley's attention to the repeater allegations during the plea colloquy and advised him of the enhanced penalties that he faced as a result of the repeater allegations. Moreover, unlike the circuit courts in *Rachwal* and *Watson*, the court here read Finley the prior convictions alleged in the Information and asked him whether he "agree[d]" that he had been convicted of those offenses. Finley responded, "Yes, Your Honor." The totality of the record therefore shows that Finley made a direct and specific admission to the prior convictions alleged in the Information. *See Rachwal*, 159 Wis. 2d at 509. We agree with the State that "[i]f the colloquies in *Rachwal* and *Watson* were sufficient to sustain the repeater enhancers, then the colloquy in this case, in which Finley explicitly admitted to his 2008 felony convictions, was undoubtedly sufficient."

¶20 In support of his argument to the contrary, Finley relies heavily on our supreme court's decision in *State v. Farr*, 119 Wis. 2d 651, 350 N.W.2d 640 (1984). In particular, he cites the *Farr* court's statement that a defendant's admission to the prior convictions underlying a repeater allegation "may not … be inferred." *Id.* at 659. Based on this statement, Finley contends that *Farr* and *Rachwal* are in conflict as to "what constitutes an admission" for purposes of the repeater enhancer. Pursuant to the rule of lenity, Finley asserts that we must resolve this conflict in his favor.

¶21 We reject this argument because there is no conflict between *Farr* and *Rachwal*. Both of those cases require a defendant to make a direct and specific admission to the offenses underlying a repeater allegation. *See Farr*, 119 Wis. 2d at 659; *Rachwal*, 159 Wis. 2d at 509. Applying that test, the *Farr* and *Rachwal* courts merely reached different results based on the two cases' differing factual circumstances.

9

¶22    In *Farr*, the defendant had been convicted of burglary following a jury trial and was then sentenced as a repeater. *Farr*, 119 Wis. 2d at 654-55. During the sentencing hearing, the defendant's attorney did not object when the circuit court stated that the defendant faced a sixteen-year sentence, which was the maximum sentence if the repeater enhancer applied. *Id.* at 658. Counsel also failed to object to the court's statement that the defendant's probation had been revoked earlier that year. *Id.* In addition, the defendant stated at sentencing that he was serving a five-year sentence, but he did not specify when he had been convicted of that prior offense. *Id.* at 659. On this record, the supreme court concluded that neither the defendant nor his attorney "admitted other than by inferences" that the defendant had been convicted of a felony "within five years prior to the commission date of the burglary for which the defendant was being sentenced." *Id.*

¶23    Unlike *Farr*, the defendant in *Rachwal* entered a no-contest plea to a charge containing a repeater allegation. *Rachwal*, 159 Wis. 2d at 502-03. The *Rachwal* court concluded that the totality of the circumstances surrounding the defendant's no-contest plea showed that he had made a direct and specific admission to the prior convictions underlying the repeater allegation. *Id.* at 509. The *Rachwal* court expressly stated that *Farr* was distinguishable because the defendant in *Farr* did not "submit a guilty plea" and the State was effectively "asking the court to infer an admission from silence" in that case. *Id.* at 508. The *Rachwal* court explained: "That is not the situation in this case. Here, the defendant's no[-]contest plea, viewed in the context of the record discussion constituted an affirmative admission of the allegations contained in the complaint." *Id.*

10

¶24 Thus, *Farr* and *Rachwal* are not in conflict. They merely arose from distinguishable factual circumstances, which appropriately led the supreme court to reach a different result in each case. As explained above, the factual circumstances of this case are analogous to those in *Rachwal*.[2]

¶25 Citing *Zimmerman*, Finley also argues that he did not specifically admit that the prior convictions alleged in the Information occurred within the five-year period immediately preceding the date he committed the offenses for which he was sentenced in this case. *Zimmerman* is inapposite, however, because it addressed language in WIS. STAT. § 939.62(2) that is not at issue here.

¶26 Specifically, WIS. STAT. § 939.62(2) provides that when determining whether a prior offense occurred within the five-year period immediately preceding the commission of the crime for which the actor is being sentenced, "time which the actor spent in actual confinement serving a criminal sentence shall

---

[2] Finley also asserts, based on *State v. Farr*, 119 Wis. 2d 651, 659, 350 N.W.2d 640 (1984), that in order to secure his direct and specific admission to the prior convictions alleged in the Information, the circuit court was required to ask him the following "specific and direct question" during the plea colloquy:

> Mr. Finley do you admit that you are a repeater, with[]in the meaning of [WIS. STAT. § 939.62(1)], due to you being previously convicted on September 12, 2008 in Brown County for the charges of Possession of Cocaine second and subsequent offender and Possession of THC, second and subsequent offender, as felonies in Case no. 08 CF 41 and that they remain of record and are valid convictions, which were committed within 5 years preceding the com[m]ission of the crime for which you are currently be[ing] sentence[d], which was committed on 6-5-11?

In *State v. Rachwal*, 159 Wis. 2d 494, 508-09, 465 N.W.2d 490 (1991), our supreme court expressly rejected the notion that any specific question by the circuit court—such as the one proposed by Finley—is necessary to secure a defendant's admission to prior convictions for purposes of the repeater enhancer.

11

be excluded." In ***Zimmerman***, the defendant was charged with armed robbery on December 18, 1991. ***Zimmerman***, 185 Wis. 2d at 552. The State later filed an Information charging the defendant as a repeater based on allegations that he had been convicted of a prior offense on November 9, 1983, and had been "released" on March 28, 1991. *Id.* at 552-53. However, the record did not indicate when the defendant's sentence in the prior case had commenced or for how long the defendant was incarcerated for that offense. *Id.* at 553. Although the defendant admitted during the plea hearing that he had been convicted of the prior offense in 1983, he did not specifically admit that the prior conviction occurred less than five years before he committed his present offense. *Id.* at 557. Nor had the defendant admitted "to a period of incarceration that would bring his 1983 conviction within the five-year statutory period." *Id.* Under those circumstances, we determined the defendant did not give "a direct and specific admission to facts necessary to establish the repeater penalty enhancer." *Id.*

¶27 Unlike ***Zimmerman***, this case does not involve any uncertainty as to whether the prior convictions alleged in the Information fell within the five-year period set forth in WIS. STAT. § 939.62(2). By entering guilty pleas to Counts 2 and 3 of the Information, Finley admitted that those offenses occurred on June 5, 2011, as alleged in the Information. *See **State v. Liebnitz***, 231 Wis. 2d 272, 286-87, 603 N.W.2d 208 (1999) ("[I]t is a well-established rule 'that what is admitted by a guilty or no[-]contest plea is all the material facts alleged in the charging document.'" (citation omitted)). As discussed above, Finley also made a direct and specific admission during the plea colloquy that he had been convicted of the two prior felony offenses alleged in the Information on September 12, 2008. September 12, 2008, plainly falls within the five-year period immediately preceding June 5, 2011. On this record, there can be no dispute that Finley

12

admitted having two prior felony convictions that occurred within five years before the commission of the crimes at issue in this case.[3]

¶28 Finally, Finley argues that the five-year period in WIS. STAT. § 939.62(2) should not be measured from the date he committed the offenses for which he was sentenced in this case. Instead, he contends the five-year period should be measured from either: (1) July 12, 2016, the date the supreme court issued its decision permitting him to withdraw his no-contest plea to Count 1 of the Information; or (2) September 13, 2016, the date he was "recharged" following the supreme court's decision via the filing of an amended Information.

¶29 Contrary to Finley's assertion, the appellate record does not reflect that an amended Information was filed on September 13, 2016, or on any other date. Regardless, Finley's argument is contrary to the plain language of WIS. STAT. § 939.62(2), which expressly states that an actor is a repeater if he or she "was convicted of a felony during the 5-year period immediately preceding *the commission of the crime for which the actor presently is being sentenced*." (Emphasis added.) Finley does not cite any legal authority in support of his claim that the five-year period in § 939.62(2) should be measured from a different date. We need not consider arguments that are unsupported by references to legal

---

[3] For this reason, we also reject Finley's argument that the circuit court violated his right to due process when deciding his postconviction motion by "imput[ing]," based on the respective case numbers, that he had been convicted of a felony offense within the five-year period set forth in WIS. STAT. § 939.62(2). As explained above, the record clearly shows that Finley made a direct and specific admission to committing two felony offenses on September 12, 2008. Finley further admitted—by virtue of his guilty pleas—that the crimes charged in this case occurred on June 5, 2011. Under these circumstances, the only possible conclusion is that the prior convictions occurred within the requisite five-year period.

authority. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶30 For all of the foregoing reasons, we conclude the totality of the record plainly shows that Finley made a direct and specific admission that he had been convicted of a felony offense during the five-year period immediately preceding the commission of the crimes for which he was sentenced in this case. We therefore reject Finley's claim that the circuit court erred by denying his motion to vacate the portions of his sentences attributable to the repeater enhancers.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.